BARKER *vs.* BELL.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *Validity of unrecorded mortgage; general charge on evidence.*—In the absence of actual notice, an unrecorded mortgage is void, as against a purchaser at execution sale against the mortgagor; consequently, where the plaintiff claims under a mortgage, and the defendant under a purchase at execution sale against the mortgagor, a general charge to the jury, in favor of the plaintiff's right to recover, is erroneous, unless it is. proved that the mortgage was duly recorded, or that the defendant had actual notice of its existence.

2. *Sale of mortgaged premises, under execution at law, for part of mortgage debt.*—In this State, a sale of mortgaged lands, under execution at law, for a part of the mortgage debt, passes no title or interest to the purchaser, unless there has. been a previous surrender of the legal title by the mortgagee; and such surrender cannot be implied, in a court of law, from the facts, that he was present at the sale, made no objection to it, and afterwards received from the sheriff the proceeds of the sale; consequently, the lien of the mortgage is not thereby discharged, nor is the mortgagee, or a subsequent purchaser at the mortgage sale with notice of the facts, thereby estopped from recovering the land in an action at law.

APPEAL from the Circuit Court of Dallas.
Tried before, the Hon. NAT. COOK.

THIS action. was. brought by Mrs. Matilda Bell, against William N. Boothe, tenant in possession, to recover the possession of two town-lots in Cahaba, with damages for their detention ; and Stephen B. Barker, the landlord of Boothe, was made a party on his own motion. The plaintiff claimed the lots under a purchase at a sale made by John S. Mayes, as the administrator of John R. Bell, deceased, under a mortgage executed to said Bell by one Jeremiah Duckworth ; while the defendant asserted title under a purchase at sheriff's sale, under sundry executions against said Duckworth, one of which was in favor of said Mayes, as administrator of said Bell. On the trial, as the bill of exceptions states, the plaintiff read in evidence, "after proving its execution and probate," the mortgage

from Duckworth to Bell, (which was dated the 29th November, 1855 ; was given to secure the payment of two promissory notes, each bearing even date with the mortgage, and payable on the 1st January, 1857, and 1858, respectively ; and contained a power of sale, on default being made in the payment of either note at maturity ;) and then proved the non-payment of the second note, the advertisement and sale of the premises under the mortgage, her purchase at the sale, and the deed for the premises executed to her by the mortgagee's administrator, which was dated the 9th March, 1858. The defendant then proved the sale of the premises by the sheriff, under sundry executions against said Duckworth, his purchase at the sale, and the sheriff's deed to him, which was dated the 2d November, 1857. "It was admitted, that one of said executions against Duckworth was in favor of said Mayes, as the administrator of said John R. Bell, and was issued on a judgment obtained on the first of said notes secured by said mortgage ; but that neither said Mayes nor his counsel ordered a levy and sale of said property under said execution, and that said levy and sale were made by the sheriff on his own motion. The defendant proved, also, that Mayes was present at said execution sale, and made no objection to it, and afterwards received from the sheriff his *pro-rata* share of the proceeds of sale ; and that at the subsequent mortgage sale, at which the plaintiff purchased, he (defendant) gave public notice of his possession and claim of title, and that the purchaser would buy a law-suit."

On this evidence, the court charged the jury, " that, if they believed the evidence, they must find for the plaintiff." The defendant excepted to this charge, and then requested the court to instruct the jury—"1st, that, if the mortgagee, Mayes, sued upon the first note secured by the mortgage, and sold the whole property under an execution on his judgment, (with other executions,) and received his *pro-rata* share of the proceeds of the sale, such sale destroyed the lien of the mortgage, and the defendant got a good title against the mortgagee ; 2d, that if the defendant

was in possession under such execution sale, and was so holding, under a *bona-fide* claim of title, at the time of the mortgage sale, and gave public notice of his claim at that sale, then the plaintiff got no title by her purchase, and she could not recover." The court refused each of these charges, and the defendant excepted to their refusal.

The charge given by the court, and the refusal of the charges asked, are now assigned as error.

GEO. W. GAYLE, and THOS. H. LEWIS, for the appellant. 1. The sale under execution, at which the defendant purchased, destroyed the lien of the mortgage.—1 Hilliard on Mortgages, 450, note; 2 *ib.* ch. 28, §§ 13, 41; *ib.* ch. 30, §§ 14, 16, 17; Coote on Mortgages, (538,) 612; *Pierce v. Potter*, 7 Watts, 475; *Berger v. Heister*, 6 Whar. 210; *Freeby v. Tupper*, 15 Ohio, 467; *Hartz v. Woods*, 8 Barr, 471; *Longworth v. Flagg*, 10 Ohio, 300; *Reedy v. Burgest*, 1 Ohio, 157; *Duval's Heirs v. McLoskey*, 1 Ala. 727; *Ridgway v. Longmacker*, 18 Penn. 219; 2 Blackf. 245; 2 Rawle, 56; 7 Missouri, 489; 1 Denio, 407; 1 Comstock, 496; 2 B. Monroe, 207.

2. The mortgagee cannot sell the equity of redemption under execution.— *Washburn v. Goodwin*, 17 Pick. 137; *Atkins v. Sawyer*, 1 Pick. 351; *Williams v. Powell*, 14 Ala. 476.

3. The mortgagee cannot, after selling the mortgaged lands under execution for a part of his debt, proceed against the same lands, in the hands of the purchaser, for the balance of his debt.—*Buford v. Smith*, 7 Missouri, 489; 2 Hilliard on Mortgages, 45.

4. The mortgagee's conduct at the execution sale, in failing to make any objection to it, estops him from afterwards setting up any title to the property.—1 Johns. Ch. 354; 6 *ib.* 166; 19 Wendell, 557; 21 Wendell, 172.

5. The plaintiff's purchase was champertous and void. *Herbert v. Hanrick*, 16 Ala. 581; *Dexter & Allen v. Nelson*, 6 Ala. 68; *Coleman v. Hair*, 22 Ala. 596; *Abernathy v. Boazman*, 24 Ala. 189.

J. D. F. WILLIAMS, *contra.*—1. The equity of redemption is subject to sale under execution at law.—Code, § 2455. The sale under execution, at which the defendant purchased, conveyed only the equity of redemption, and had no effect on the subsequent mortgage sale.

2. The mortgagee's presence at the execution sale, and his failure to object to it, cannot estop him, or a purchaser from him, from recovering the property at law.—*Steele v. Adams*, 21 Ala. 534 ; *McPherson v. Walters*, 16 Ala. 714 ; *Walker v. Murphy*, 34 Ala. 591 ; *Brinkerhoof v. Lansing*, 4 John. Ch. 66.

R. W. WALKER, J.—In the absence of actual notice, an unrecorded mortgage is void, as against a purchaser at a sale under execution against the mortgagor.—Code, §§ 1287–8. The bill of exceptions purports to set out all the evidence ; but it fails to show either the registration of the mortgage, or actual notice to the defendant of its existence. As the plaintiff was not entitled to recover, unless the mortgage was duly recorded, or the defendant had notice of its existence, the court erred in charging the jury, that, if they believed the evidence, they must find for the plaintiff.

[2.] It is highly probable, however, that proof of notice was made, and that this part of the evidence has been inadvertently left out of the bill of exceptions. We shall, therefore, consider the question which would be presented by a record which showed, in addition to the facts now before us, either the due registration of the mortgage, or actual notice of its existence to the defendant at the time of his purchase. In that case, the question would be, whether a sale of the mortgaged property under execution at law, for a part of the mortgage debt, by the direction, or with the knowledge and consent of the mortgagee, and his subsequent reception of the proceeds of the sale from the sheriff, discharge the lien of the mortgage, or estop the mortgagee, or a subsequent purchaser at the mortgage sale with notice of the facts, from recovering the land in an action at law.

In *Jackson*, ex dem. *Ireland v. Hall*, (10 Johns. 481,) it was held, that where a creditor, secured by mortgage, brings his action for the debt so secured, recovers judgment, and issues execution, which is levied, by his direction, on the mortgaged premises; and the same are sold, under such execution, to a purchaser having notice of the mortgage,—the latter acquires nothing but the equity of redemption, and, the mortgagee may recover the possession by action at law. In this State, after a careful consideration of the question, it has been held, that the mortgagor's equity of redemption cannot be sold, under execution at law, for the whole or a part of the mortgage debt; and the effect of the decision is, that a sale of the property, under such execution, passes nothing to the purchaser. *Powell v. Williams*, 14 Ala. 476. See, also, *Goring v. Shreve*, 7 Dana, 65; *Surgest v. Thomas*, *ib.* 221; *Bronston v. Robinson*, 4 B. Monroe, 142; *Camp v. Coxe*, 1 Dev. & Batt. L. 52; *Atkins v. Sawyer*, 1 Pick. 351.

After the law-day of the mortgage, the legal estate is absolutely vested in the mortgagee; the mortgagor has nothing left but an equity of redemption.—*Paulling v. Barron*, 32 Ala. 11. As this equity of redemption is the only interest which the mortgagor has in the property, this is all that can be sold under execution against him; and even this interest cannot be sold, *if the execution is for the debt secured by the mortgage.* It follows, therefore, that a sale of the mortgaged property, under execution for the mortgage debt, is wholly ineffectual as a conveyance of title to the purchaser, unless there has been a surrender by the mortgagee of the legal title, with which (after the law-day) he is clothed by the mortgage. It is only by virtue of such surrender that the mortgagor can have a title subject to levy and sale under *such an execution.* Without such surrender, the legal title is in the mortgagee, and only an equity of redemption in the mortgagor; and as the mortgagor cannot be stripped of his right to redeem by such a sale, nothing passes to the purchaser.

Unless it can be shown, therefore, in the present case,

that the mortgagee has done something which amounts to
a surrender of his legal title to the mortgagor, the latter
had no interest which could be reached by this execution.
Such a surrender is sought to be implied from the fact, that
Mayes, the administrator, was present at the execution sale,
made no objection thereto, and subsequently received, in
part payment of a judgment for a part of the mortgage
debt, a portion of the money paid by the defendant. It
may be true that, when the mortgagee either directs a sale
of the mortgaged property under execution, for the whole
or any part of the mortgage debt, or knowingly sanctions
such sale, and receives the proceeds, he would be thereby
precluded, in a court of equity, from afterwards setting up
the mortgage title against the purchaser.—See *Waller v.
Tate*, 4 B. Monroe, 531. But it is settled in this State,
beyond the reach of controversy, (whatever may be the rule
elsewhere,) that a parol estoppel cannot operate a transfer
of the legal title to land.—*McPherson v. Walters*, 16 Ala.
714 ; *Smith v. Munday*, 18 Ala. 182 ; *Walker v. Murphy*,
34 Ala. 591. The largest effect that could possibly be
given to the acts and declarations of the administrator in
this case, would be to hold, that they amounted to a state-
ment by him that the title of the mortgagee was extin-
guished. Even if we go a step further, and concede that
the defendant bought the land in reliance upon this state-
ment, these facts combined would not, in a court of law,
preclude the mortgagee, or a purchaser at the mortgage
sale, from a recovery in ejectment against the defendant.
Authorities *supra;* also, *Swink v. Sears*, 1 Hill, 17 ; *Dela-
plaine v. Hitchcock*, 6 Hill, 17.

Where the mortgage is of real estate, nothing less than
a payment, or something equivalent to a payment of the
mortgage debt, a release in writing of the mortgage, or a
re-conveyance in terms, can operate, in a court of law, a
divestiture of the legal title of the mortgagee.—See *Had-
dock v. Bulfinch*, 31 Maine, 246 ; *Crosby v. Chase*, 5 Shepl.
369 ; *Hoyt v. Swift*, 13 Verm. 129. It has even been
questioned, whether payment of the debt, after the law-day

of the mortgage, without an actual re-conveyance, restores the fee to the mortgagor, or will enable him to recover in ejectment against the mortgagee.—See 4 Kent, 193–4, and notes ; *Collins v. Robinson*, 33 Ala. 94 ; *Doton v. Russell*, 17 Conn. 146. In this case, there has been neither payment of the debt, release in writing of the mortgage, nor actual re-conveyance of the fee ; and the mortgage title must, in a court of law, stand unimpaired.

The rule declared in *Wallis v. Long*, (16 Ala. 738,) and *Acker v. Bender*, (33 Ala. 230,) that the title which is conveyed to the mortgagee may be released at law by a subsequent verbal contract, providing for the discharge of the mortgage, but leaving the debt it was given to secure unaffected, must be limited, as it was in those cases applied, to mortgages of personal property. If the subsequent verbal contract was for the release of the mortgage debt, the case might be different. The debt, even when secured by a mortgage on real estate, may be released by subsequent verbal contract ; and the release of the debt has the same effect as its payment.—See 1 Cowen, 122 ; *Armitage v. Wickliffe*, 12 B. Monroe, 488, 497.

There are, it is true, decisions to the effect, that the lien of a mortgage is discharged, by a sale under a judgment for the whole or a part of the debt secured by the mortgage. *Pierce v. Potter*, 7 Watts, 477 ; *Berger v. Heister*, 6 Whart. 210 ; *Bank v. Chester*, 11 Penn. St. R. 282 ; *Clarke v. Stanley*, 10 Barr, 472 ; *Ridgway v. Longmaker*, 18 Penn. St. R. 215 ; *Freeby v. Tupper*, 15 Ohio, 467 ; *Lessee of Fosdick v. Risk*, ib. 84. But these decisions are made to rest upon reasons which cannot operate with us, because they assume the existence of certain rules of law, which have been denied a place in our jurisprudence.

In Pennsylvania, it seems to be the rule, that the mortgaged lands may be sold under execution at law for the mortgage debt ; and that, in such case, the sale works the same effect as though the proceeding were under the mortgage itself. The mortgagee has the option to proceed, either by *scire facias* on the mortgage, or by action of debt.

on the bond ; and when judgment is obtained in either proceeding, he may sell the mortgaged land. "The writs, it is true, bear different names ; but there is no more virtue in a sheriff's sale on a *levari facias*, than in a sheriff's sale on a *venditioni exponas*. The one, as well as the other, sells the estate ; and when the estate is sold for the mortgage debt, or any part, the whole estate, legal and equitable, is sold, unincumbered, to the purchaser, whatever the name of the writ under which the sheriff acts."—*Clarke v. Stanley*, 10 Barr, 474, 476, 478–82 ; *Bank v. Chester*, 11 Penn. St. R. 287–8. The very reverse of this is the rule in this State ; for the result of the decision in *Powell v. Williams*, (14 Ala. 476,) is, that the mortgaged lands cannot be sold under execution at law for the mortgage debt, and that such sale passes nothing to the purchaser.

In Ohio, the decisions referred to are placed, partly, on the ground that, by the statute law of that State, lands cannot be sold without appraisal, and for no less sum than two-thirds the appraised value ; and partly, also, on the ground, that a mortgagee, who causes the mortgaged premises to be sold as the property of the mortgagor, is thereby estopped from setting up his title against the purchaser. It must be remembered, that our doctrine in reference to the application of estoppels *en pais* to the title to land, does not prevail in either Ohio or Pennsylvania. On the contrary, the rule in both of those States is, that the holder of the legal title to land may, by acts *en pais*, be estopped, even in a court of law, from asserting his title. *Hamilton v. Hamilton*, 4 Barr, 193 ; *Bigelow v. Barr*, 4 Ohio, 358 ; *Buckingham v. Smith*, 10 Ohio, 298.

It is obvious, therefore, that the cases to which we have referred, as in conflict with the view we have taken of this question, proceed on grounds which our previous decisions have rendered inapplicable here.

Judgment reversed, and cause remanded.