### JEREMIAH CONNER *versus* JESSE WHITMORE.

The possession of a mortgager must be presumed to be in subordination to the title of the mortgagee until the contrary is shown.

A quitclaim deed of the premises mortgaged, given by a mortgagee in possession, passes all his interest therein.

The assignee of a mortgage cannot discharge it after having given a quitclaim deed of the same premises.

A mortgagor cannot maintain ejectment against a mortgagee in possession.

ON REPORT from *Nisi Prius*, MAY, J., presiding.

WRIT OF ENTRY.

The facts sufficiently appear in the opinion of the Court.

*N. Abbott*, for the plaintiff.

*W. G. Crosby*, for the defendant.

The opinion of the Court was drawn by

APPLETON, C. J.—The plaintiff, on Dec. 17, 1816, mortgaged the demanded premises to William B. Johnson. It is neither alleged nor pretended that the mortgage has been paid or discharged, with the funds of the mortgager. The demandant was a witness, and did not assert such to be the fact. Indeed, it appears by his admission, long after the mortgage was given, that the debt thereby secured was due and unpaid. Since those admissions were made, a sufficient time had not elapsed to raise the presumption of payment, before the assignee of the mortgage entered into possession under a judgment of Court.

The possession of the mortgager must be presumed to be in subordination to the title of the mortgagee until the contrary is shown. There is no proof that it was ever adverse thereto.

The title to the mortgage passed by various intermediate assignments to Nathan Haywood, who, in 1842, commenced an action of ejectment against the tenant, in which he re-

covered judgment, and, having obtained his writ of possession, entered under the same into the premises in controversy. After so entering, on May 5, 1843, he, with one Edward Fuller, joined in a deed of release to the tenant, who has remained in possession since that time.

The effect of this release was to pass the title of the mortgagee to the tenant. The mortgagee in possession, by a quitclaim deed, passes all his interest in the mortgaged premises. *Hill* v. *Moor*, 40 Maine, 524; *Collamer* v. *Langdon*, 29 Vermont, 32.

There appears on the back of the mortgage a discharge by the assignee, dated August 8, 1843. But this was after Haywood, the assignee, had transferred his interest to the tenant. He had then no remaining interest in the mortgage, and could not legally discharge it.

But this discharge was erased. It does not appear that it was ever delivered as a valid discharge. The evidence tends to show that it was signed under a misapprehension as to the legal rights of the parties, and was erased before any delivery. After the erasure, it was assigned, in pursuance of a previous agreement, to the tenant.

The tenant is in possession as the assignee of an undischarged mortgage, — having a valid assignment before there was any pretence of a discharge. He has been in possession for nearly twenty years. It has been repeatedly settled that the mortgager cannot maintain ejectment against a mortgagee in possession. The remedy of this plaintiff, if any he have, is in equity. *Wilson* v. *Ring*, 40 Maine, 116.

*Plaintiff nonsuit.*

CUTTING, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.

DICKERSON, J., did not sit, having been of counsel in the case.