[Welsh v. Phillips.]

# Welsh *v.* Phillips.

## *Real Action under the Code.*

| 54 | 309 |
|----|-----|
| 98 | 313 |

| 54 | 309 |
|-----|-----|
| 105 | 279 |

| 54 | 309 |
|-----|-----|
| 106 | 599 |

| 54 | 309 |
|-----|-----|
| 117 | 542 |

| 54 | 309 |
|------|-----|
| ·129 | 361 |

| 54 | 30! |
|-----|-----|
| 138 | 427 |

| 54 | 309 |
|-----|-----|
| 143 | 673 |

1. *Mortgages; how regarded under our decisions.*—Under our decisions mortgages are regarded as possessing a dual character—a conveyance of an estate in lands, and a security for a debt—bearing one character in a court of law, and another in a court of equity.

2. *Same.*—After the law day and default in the performance of the condition, the estate, at law, vests absolutely in the mortgagee, leaving the mortgagor a mere equity of redemption, which courts of law can not notice; and a conveyance of the land by the mortgagee will pass the legal title, though the debt be not assigned; and a conveyance with warranty will also operate as an equitable assignment of the debt.

3. *Same.*—In equity, the mortgage remains a security for the debt, passing as an incident with it, as would any other security; the mortgagor retaining a right to perform the condition, on making compensation to the mortgagee, which is regarded as an estate in lands, separate from the legal estate, alienable or transmissible by descent or devise.

4. *Estates, when merged.*—At law the rule is inflexible, that where a greater or less, or a legal and equitable estate, coincide in the same person, they are merged; in equity, the merger depends on the intention of the parties.

5. *Same.*—Where the mortgagee conveys direct to the mortgagor, as trustee for A during her life, with remainder over to her children, and the mortgagor covenants to accept the trust and carry it into effect, the conveyance unites in the trustee the entire estate of mortgagor and mortgagee, and upon A's death the trust terminates, devolving upon the remaindermen the entire legal and equitable estate in the lands,

APPEAL from Circuit Court of Perry.

Tried before Hon. M. J. SAFFOLD.

This was a real action under the Code, in which the appellants were plaintiffs, and the parties respectively deduced title from Nicholas Welsh, who, on the 7th day of April, 1842, by mortgage conveyed the premises to John S. Welsh, to secure on or before the 1st day of January, 1844, the payment of a debt due him from said Nicholas. On the 20th of November, 1842, the said John S. being in possession under the mortgage, (the mortgage not reserving to the mortgagor possession,) made a conveyance in fee simple of the premises to the said Nicholas, in trust for the separate use of Clara Welsh, the wife of said Nicholas, during her life, remainder over on her death to her surviving children, and the representatives of such as may have died. In the execution of this deed said Nicholas joined, and therein covenants in these words: "And the said Nicholas Welsh doth hereby covenant and agree to accept of the trust reposed in him by the said John S. Welsh, and to carry the same into effect."

[Welsh v. Phillips.]

These conveyances were properly recorded. Under the last conveyance Nicholas entered into possession, remaining therein until 1850, when he bargained and sold to one Cocke, and in 1853 he and his wife conveyed to him in fee simple. Cocke entered into possession, remaining therein until 1864, when he sold and conveyed to one Braghton, under whom the defendants entered and hold. The appellants are the children of Clara Welsh, who died in 1868, and this suit was commenced in 1871. The court charged the jury the appellants were not entitled to recover, and this is now assigned as error.

BROOKS, HARALSON & ROY, and REED & MAY, for appellant. The principles invoked by the counsel for appellee, in reference to the effect and construction of mortgages generally, may be admitted without detriment to this cause.

If the mortgagor and mortgagee unite and convey the mortgaged premises to a third person, whether the mortgage debt be satisfied or not, we apprehend that it could not thereafter be seriously contended that the grantee had not acquired the title of the mortgagor and mortgagee to the property conveyed by them; or, what is the same thing, if the mortgagee, with the consent of the mortgagor, convey the mortgaged premises, the grantee acquires the title of both— they would both be estopped to deny his title.

Here, the mortgagee, by an agreement with the mortgagor, conveys the property for the benefit of Mrs. Clara Welsh and her children, making her husband, the mortgagor, the trustee in the deed, and this with the consent of the mortgagor, who signs the deed in token of such consent and agreement.

Could he afterwards deny that he had not conveyed the property to the beneficiaries in the deed? He would be estopped to make such a denial, and so would every body else who might claim under him.—*Douglas v. Scott*, 5 Ohio, 199; Herman on Estoppel, 263.

The mortgagee in a deed may reconvey by quit-claim or otherwise to the mortgagor, and the latter becomes reinvested, if he accept such conveyance, with the exact title covered by the deed of reconveyance, and the mortgagor would be bound by the terms of the deed thus accepted by him. In this instance he accepted it, as trustee for his wife and children. He was authorized thus to receive it, and neither he nor any one under him can gainsay it.—Authorities *supra*; *Huckabee v. Billingslea*, 16 Ala. 419-20.

JOHN F. VARY, *contra.*—A mortgage creates no higher interest than a lien,—11 Johns. 593; 4 Johns. 41; 13 N. H. 247;

2 Ala. 190; 6 S. & M. 139; 18 Ala. 42. The rule that a
plaintiff in ejectment can not recover when the title is in a
third person, does not apply where the outstanding title is a
mortgage—as against all but the mortgagee the mortgagor is
owner.—5 Halst. 157; 11 N. H. 274; 4 Johns. 42. Upon the
same principle, a mortgagor may maintain ejectment against
one who claims 'it' from the mortgagee.—*Jackson, ex dem. v.
Bronson*, 19 Johns. 325. An assignment of the mortgage
without the debt conveys nothing.—13 N. H. 251; *Wilson v.
Troup*, 2 Cow. 230. Upon the death of the mortgagee, it goes
to his administrator.—2 Cow. 230; 11 N. H. 351.

The authorities establish that John S. Welsh had only a
security for the payment of a debt, which security was only
a lien on the land for the payment of that debt. Such was
his interest, and his only interest, in the land. He could not
convey to Nicholas Welsh, any greater interest than he him-
self had. To transfer that interest to Nicholas he had to
transfer to him the debt itself. But a transfer of the debt
to Nicholas, who owed the debt, was a *forgiving of the debt ;
an extinguishment of it ;* and such extinguishment of the debt
also extinguished the security, the mortgage—the mortgage
thereby ceased, determined, became void, the same as if the
debt had been paid; and, consequently, the conveyance of
John S. Welsh to Nicholas Welsh, by the deed of trust, con-
veyed nothing. The transaction simply extinguished the
mortgage, and left the fee simple title in Nicholas unencum-
bered by the lien of the mortgage, and conveyed nothing to
Nicholas by the deed of trust. The deed of trust had no
more effect as a conveyance of fee simple title than it would
have had, if the mortgage had never been made by Nicholas
Welsh to John S. Welsh.

Appellants call to their aid the doctrine of estoppel. Es-
toppel is not known to the law as a means to enable one to
commit or perpetuate a fraud or a wrong—its object is to
prevent both.

A may have some title to land, say a life estate; B may
have some title to the same land, say the remainder over—
both together having the entire title. If A and B unite and
convey the land to a third person, such grantee doubtless
acquires the title of A and B. But suppose that A is in-
debted to B, and gives B a mortgage on his life estate in the
land to secure the payment of his debt to B, and A and B
then unite and convey the land to a third person by the ordin-
ary deed to convey the fee simple title only—would this
grantee acquire any thing more than the title of A and B?
Would he thereby acquire also the mortgage which A gave
B on A's interest in the land? The authorities establish

that a mortgage is personal property, and it is a new doctrine not yet fully recognized as law, that a conveyance of land by deed conveys also personal property. By such conveyance the grantee would acquire the title of A and B subject to the mortgage which B held on A's interest in the land. He would acquire the mortgage, or the mortgage title only by a transfer to him by B of the debt which A owed B and secured by the mortgage, and he would then acquire, in addition to the title of A and B, the debt which A owed B. The grantee could not, by the ordinary deed of conveyance of land, acquire the mortgage, nor any interest in it, nor any interest which B had by virtue of or under it; for that is personal property (*authorities supra*) and would not pass by such deed—he would only acquire, by such conveyance, the title of A and B subject to the mortgage. It is true that B might release his mortgage, and the deed might be drawn with such stipulations or recitals in it as to show that B intended to release and did thereby release, the mortgage; but then, the grantee would not acquire any interest in the mortgage, nor any title by virtue of or under it; he would only acquire the title of A and B discharged of the mortgage.

And so, if A, having the entire fee simple title to land, and being indebted to B, should secure that debt by a mortgage to B on the land, and before the law day of the mortgage and the debt remaining unpaid, A, the mortgagor, and B, the mortgagee, should unite in a deed to convey the fee simple title to a third person, this grantee would acquire the fee simple title, but he would acquire it entirely from A and nothing from B, and he would get the fee simple title subject to the mortgage which B held, unless the deed contained apt and proper words showing that B intended to release, and did thereby release, his mortgage, and then the grantee would not acquire any title from B, but simply acquire the fee simple title discharged of the lien of the mortgage.

But, in the case at bar, the grantee is not a third person. The transaction is entirely between mortgagor and mortgagee. Nicholas Welsh, before and at the time he gave the mortgage, was invested with the fee simple title to the land. The mortgage was simply a lien upon the land as a security for the payment of a debt. By the terms of the mortgage, if Nicholas Welsh paid the debt the mortgage become void. If John S. Welsh forgave the debt or transferred it to Nicholas, it had the same effect upon the mortgage—the mortgage became void. The result is, that John S. Welsh, by the deed of trust, conveyed nothing to Nicholas Welsh. Nicholas was legally incompetent to convey to himself. He did not pretend to do so. His acceptance of the trust is no conveyance;

[Welsh v. Phillips.]

and he does not pretend to convey any thing to himself that was his. The transaction by which this deed of trust was brought into existence, left the fee simple title to the land where that title was before and at the time of the execution of the mortgage, to-wit: in Nicholas Welsh. I submit that the claim which the children now set up is in effect saying that their parents perpetrated a wrong and a fraud upon Cocke; but be this as it may, or whether it ought, in law, or not to have any effect upon their claim, it does not seem to be right or just that they should be allowed, in the face of the covenant of their parents, that not only their parents, but that they, the appellants also, should warrant and forever defend the title to said Cocke and his assigns, to recover the land without restoring or offering to restore the money which Cocke paid for that title, of the benefit of which money they have doubtless long since received their full share. The doctrine of estoppel was never intended to be a cover for the perpetration or perpetuation of such wrong and injury. Appellants must show that they have the just, legal right to recover; and they can not so apply the doctrine of estoppel as to prevent us from showing that they have not that right; and hence, I insist that we are not estopped to go behind that deed of trust, and to ascertain whether or no the transaction was such as to pass the fee simple title by that deed of trust.

BRICKELL, C. J.—The question most fully discussed by counsel, and which, we suppose, controlled the judgment of the circuit court, the effect and operation of a conveyance absolute in form and terms, by a mortgagee in possession of the mortgaged premises, without an assignment or transfer of the mortgage debt, has not been the subject of express adjudication in this court. In *Duval v. McLoskey*, 1 Ala. 737, the court, citing the decisions in New York which hold a transfer of an interest in the mortgaged premises without an assignment of the debt, is a nullity—the mortgage being a mere incident to the debt, and adopting them as correct expositions of the law, say nevertheless: "In concluding that a mortgagee can not assign the right to the mortgaged property without also assigning the debt to which it is an incident, we do not desire to be understood as intimating that it is incompetent for the mortgagee to relinquish, *by contract, the possession* to a third person, at any time, until the debt is paid." Whether a mortgagee may by an assignment to a stranger of the mortgage, or by a conveyance of the premises, unattended by a transfer of the mortgage debt, pass the legal estate, is a question on which the authorities in this country

are in irreconcilable conflict. In New York, New Hampshire and some other States which have followed their decisions, such a conveyance or assignment would be void, and one entering under it would be a trespasser as against the mortgagor. In other States, the assignment or conveyance, if in proper form to pass an interest in real estate, is treated as a conveyance of the legal estate, passing to the assignee or grantee, the right of the mortgagee to enter.—2 Wash. Real Prop. § 4, ch. 16. The correctness of the one decision or the other, depends on the theory of a mortgage which may prevail. If it is regarded as a mere security for a debt, a chattel interest, until foreclosure, the mortgagor continuing the real owner of the fee, an assignment of the mortgage or a conveyance by the mortgagee of the premises, not intended, and incapable of operation as a transfer of the debt, may be treated as void, not passing any estate or interest in land. That, however, notwithstanding what is said in *Duval v. McLoskey, supra,* is not the theory of a mortgage which the current of our decisions has recognized, and by which they have been controlled. A mortgage is more than a mere security for a debt—it creates a direct, immediate estate in land—*a fee simple, unless otherwise expressly* limited. The estate is conditional—annexed to the fee is a condition which may defeat it. The mortgagee, if in the conveyance there is not a reservation of the possession to the mortgagor, until default in the performance of the condition, has the immediate right of entry, and may eject the mortgagor or his tenants.—*Duval v. McLoskey, supra.* If the mortgagor is permitted to remain in possession, he is the mere tenant at will of the mortgagee. After the law day, and default in the performance of the condition, at law the estate is absolutely vested in the mortgagee—the fee is freed from the condition annexed to it. Nothing remains in the mortgagor but the equity of redemption, of which courts of law take no notice. *Paulling v. Barron,* 32 Ala. 11; *Barker v. Bell,* 37 Ala. 358. Before default, all that remains in him, is the right to perform the condition and thereby restore his original estate. An assignment of the mortgage debt, without an assignment of the mortgage, will not pass the legal estate, that remains in the mortgagee in trust, an equitable security for the payment of the debt. In *Center v. P. & M. Bank,* 22 Ala. 751, it is said the mortgage is but an incident and passes in equity to the assignee of the debt. But, the legal estate resides in the mortgagee until the mortgage is assigned. In *Graham v. Newman,* 21 Ala. 498, it is said, the assignment of a mortgage debt operates in equity an assignment of the mortgage, entitling the assignee to use the name of the mortgagee to enforce

[Welsh v. Phillips.]

the mortgage at law. If not only the debt, but the mortgage also is assigned, the legal title passes to the assignee, and he may at law proceed in his own name. If the mortgage is of land, to pass the legal estate there must be a deed from the mortgagee to the assignee, "either on a separate paper or endorsed on the mortgage deed, with suitable words to convey the thing itself." On a bill to foreclose, the mortgagee in possession having died, the heir to whom the legal title has descended, is an indispensable party, that the legal title may be bound by the decree.—*Huggins v. Hall*, 10 Ala. 283. In a court of law nothing less than payment, or something equivalent to payment of the mortgage debt, a release in writing of the mortgage, or a reconveyance, operates a divestiture of the legal estate of the mortgagee.—*Barker v. Bell, supra; Powell v. Williams*, 14 Ala. 476. It is not settled in this State that payment of the debt after the law day, without reconveyance from the mortgagee, will restore the fee to the mortgagor; and in *Collins v. Robbinson*, 33 Ala. 91, the court refrained from determining whether, after payment, the mortgagee not having reconveyed, could maintain ejectment. It is manifest that our decisions have regarded mortgages as of a dual character—a conveyance of an estate in lands—and a security for a debt; *bearing one character in a court of law and another in a court of equity.* At law it is a conveyance of an estate in lands, with a condition annexed which may defeat it. It comprehends the entire fee, leaving the mortgagor the right, on the performance of the condition, to restore himself to his original estate. This right, as between mortgagor and mortgagee, is not property, but matter of jurisdiction, and if it is not exercised to the day it is lost. In equity it is a security for a debt, passing as an incident with the assignment of the debt, as any security for its payment would pass. The mortgagor has an equity of redemption, a right to perform the condition, on making compensation to the mortgagee, which is regarded as an estate in lands, separate from the legal estate, alienable or transmissible by descent or devise. It would not comport with this theory, now too firmly engrafted in our law to be controverted, to assert that a conveyance by the mortgagee, though not operating an assignment of the mortgage debt, does not pass the legal estate.

However this may be, it can not be doubted that a mortgagee in actual possession, as was John S. Welsh when he conveyed to Nicholas Welsh, may convey to a stranger, and his conveyance, if expressed in proper terms, will pass the possession, enabling the grantee to hold and defend against all who can not show a superior title.—*Smith v. Smith*, 15 N.

[Welsh v. Phillips.]

H. 55; *Wallace v. Goodall*, 18 N. H. 439; *Hinds v. Ballou*, 44 N. H. 619; *Givan v. Doe*, 7 Blackf. 210. The conveyance employs the statutory words, "grant, bargain, sell," declared when it was made to import an express covenant that the grantor was seized of an indefeasible estate in fee simple, freed from incumbrances done or suffered from the grantor, and for quiet enjoyment against the grantor, his heirs or assigns.—Clay's Dig. 156, § 31. The operation of this conveyance was to pass not only the present interest of John S. Welsh, the mortgagee, which was an estate in fee simple debased by the quality annexed in its creation, but the pure fee simple accruing from the failure of the mortgagor to perform the conditions on the day appointed. Such a conveyance by a mortgagee operates not only a conveyance of the land, but an equitable assignment of the debt, to which the interest of the grantor in the lands may be said to be incidental.—*Ruggles v. Barton*, 13 Gray, 506; *Hunt v. Hunt*, 14 Pick. 382; *Connor v. Whitmore*, 52 Me. 186. If the fee of John S. became perfect at law, freed from the conditions annexed by the failure of the mortgagor to pay the debt, it would have enured to his grantee, and he would have been estopped from setting it up against him. A breach of the covenants of the conveyance can be avoided only by treating it, as it imports to be, a transfer of the grantor's interest in the lands, and of all he had necessary to render the conveyance operative and effectual.

In the conveyance both mortgagor and mortgagee join, and the conveyance is direct to the mortgagor in trust for the separate use of his wife during her life, remainder over to her children, and the mortgagor covenants that he will accept the trusts and carry them into effect. The general rule of law is, that when a greater and less, or a legal and equitable estate, meet and coincide in the same person, they are merged, the one drowned in the other.—2 Wash. Real Prop. 180; 4 Kent, 108. After this conveyance, the estate of mortgagor and mortgagee was an impossibility—the union of the two estates in Nicholas Welsh rendered it incompatible for him to sustain such different relations. At law, this rule is inflexible, but in equity it depends on the intention of the parties. The merger takes place though the two estates may be held in different rights—the one in his own right and the other *en autre droit*.—4 Kent, 110; *Clift v. White*, 15 Barbour, 71; *Forbes v. Maffutt*, 18 Vesey, 384, (note). The operation of this conveyance was to unite in Nicholas Welsh as trustee the entire estate of mortgagor and mortgagee, and on the death of Mrs. Welsh all active duties of the trustee terminated and the objects of the trust were fully accomp-

lished. The estate then devolved on the appellants, in whom the legal and equitable estate. united.

The court erred in the charge given, and the judgment must be reversed and the cause remanded.