# Slaughter *v.* Doe, *ex dem.* Swift, Murphy & Co.

### *Ejectment by Mortgages.*

1. *Conveyance to partnership.*—A conveyance of lands to a partnership, by its firm name, vests the title, at law, in the several partners as tenants in common.

2. *Objection to evidence admissible under one of several counts or demises.*—In ejectment, where two or more demises are laid in the declaration, evidence which is applicable to one only can not be excluded from the jury, on motion, because inapplicable to the others: its operation and effect should be explained and limited by a request for appropriate instructions.

3. *Plea of general issue, when available.*—The plea of the general issue being limited by statute to cases "where the defendant relies on a denial of the cause of action as set forth by the plaintiff" (Code, § 2988), the defendant in ejectment can not, under the plea of not guilty, prove payment or satisfaction of the mortgage under which the plaintiff claims title.

[Slaughter v. Doe, ex dem. Swift, Murphy & Co.]

4. *Payment of mortgage debt, as defense to action by mortgagee.*—Under a mortgage of chattels, payment of the mortgage debt, before action brought, will defeat a recovery ; but, in reference to mortgages of real estate, this court has adopted a different rule, and holds the mortgagee en-itled to recover at law, as against the mortgagor and those claiming under him, whenever the mortgage is silent as to his right to take possession, or when-the period has expired during which the right of possession is reserved to the mortgagor, and payment of the debt will not defeat a recovery in such action ; though ‘‘it seems to be settled, that as against all persons, except the mortgagee and those claiming in his right, the legal title is in the mortgagor until foreclosure.’’

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JAMES E. COBB.

This action was brought to recover the possession of a lot or tract of land, which was described in the declaration as ‘‘a certain brick warehouse, and the land on which it stands, in the city of Opelika in said county, known by the name of the ‘Sledge & Smith Warehouse,’ ’’ and was commenced on the 10th April, 1879. The declaration was in ejectment, counting on a demise by Charles J. Swift, and on a demise by ‘‘George P. Swift, senior, George P. Swift, junior, and Samuel G. Murphy.’’ The defendant, A. H. Slaughter, appeared, and entered into the usual consent rule, confessing lease, entry, and ouster ; and the record does not show that he filed any special plea. On the trial, there was a verdict and judgment for the plaintiff ; and a bill of exceptions was reserved by the defendant, in which the facts are thus stated :

‘‘The plaintiffs introduced in evidence a mortgage from James C. Sledge, Sarah J. Sledge, and James J. Smith, in the words and figures following.’’ (The mortgage, as here set out, which is dated the 26th September, 1871, signed by the three persons named, and attested by two witnesses, conveys the property here sued for, to ‘‘Swift, Murphy & Co, of Columbus, Georgia,’’ and purports to be given to secure the payment of a promissory note for $2,000, of even date with the mortgage, payable on or before the first day of December next after date, and containing a stipulation in these words : ‘‘The above amount may be discharged, by consigning to the said Swift, Murphy & Co., at Columbus, one thousand bales of cotton, on or before the first day of December next, upon which they are to receive the usual commissions and storage.’’ The mortgage, after reciting that ‘‘the foregoing conveyance is in trust, on the conditions and for the purposes hereinafter set out,’’ states the indebtedness shown by the promissory note, which is set out, and then proceeds thus : ‘‘Now, should we, or either of us, pay, or cause to be paid, the said promissory note when the same shall become due, or perform the said condition upon which said note may be discharged, then the foregoing conveyance shall be deemed and considered null and void ; but, should we fail

to pay off or discharge said note, when the same shall become due, in whole or in part, then the foregoing conveyance shall be held and considered as valid and binding," and the mortgagees may take possession and sell.) "The defendant objected to the introduction of said mortgage, under the first count—1st, because of a variance; and, 2d, because the demise in said first count is laid in Charles J. Swift, and the mortgage does not show, or tend to show, title in him. And the defendant objected to the introduction of said mortgage under the second count—1st, because of a variance; 2d, because the demise in said count is laid in George P. Swift, senior, George P. Swift, junior, and Samuel G. Murphy, as partners, whereas, said mortgage is to Swift, Murphy & Co.; and, 3d, because said mortgage is to Swift, Murphy & Co. as trustees, and not as partners. And the defendant objected, also, to the introduction of said mortgage under either count, because the consideration of said mortgage was not shown. The court overruled each of said objections, and the defendant separately excepted to each of said rulings."

The bill of exceptions then sets out the rulings of the court on several questions of evidence, which it is unnecessary to state, since they are not noticed in the opinion of the court, and then proceeds: "The plaintiff then offered in evidence a note for $2,000, being the note for the payment of which the mortgage was given to secure," setting it out. "The defendant objected to the introduction of said note—1st, because it was irrelevant; 2d, because there was no proof of any consideration for it, or of the non-performance of its condition. The court overruled each objection, and allowed the note to be read to the jury; to which rulings the defendant excepted. The defendant then testified, as a witness for himself, that he was in possession, as the tenant of the Alabama Gold Life Insurance Company, under a contract commencing about the 1st October, 1878, by which he was to pay $300 per year for the rent of said premises; that, by one of the terms of said contract, he was to place on the building all necessary repairs, and the cost thereof was to be deducted from the rent; that it became necessary, after April, 1879, to make certain repairs on said building, and he did make them; and the witness was then asked the nature and value of said repairs. The plaintiff objected to this question, and the court sustained the objection, and refused to allow the witness to answer; to which ruling of the court the defendant excepted."

"The defendant then offered in evidence the deposition of James J. Smith; to which the plaintiff objected, and the court sustained the objection, and refused to allow said deposition to be read; to which ruling the defendant ex-

cepted." The material portion of the testimony of this wit-
ness is contained in his answer to the third direct interroga-
tory, in these words : "Sledge & Smith did not receive a
monetary consideration at the time said mortgage was given.
They borrowed $6,000 from Swift, Murphy & Co., for which
they agreed, in addition to the interest, to ship one thousand
bales of cotton to Swift, Murphy & Co. ; but, before the ma-
turity of the note given for the $6,000, Sledge & Smith paid
the full amount of the note. The mortgage for $2,000 was
given to secure the shipment of the one thousand bales of
cotton ; and of course, when the cotton was shipped, it was
satisfied." The bill of exceptions then proceeds as follows :
"Prior to any evidence in the cause, the defendant suggested
that he was in possession as the tenant of the Alabama Gold
Life Insurance Company, under a contract for annual rent-
ing. It was agreed, on the trial, that the defendant should
only be liable for the actual rent due when the action was
brought, and such as might accrue under his contract since
the suit was brought; and the amount was fixed and agreed
on as $450, and so assessed by the jury. There was proof
tending to show that, at the time said mortgage was executed,
Sarah J. Sledge was in possession of the premises, claiming
them as her own ; and this, with said note, was all the proof
of title in the plaintiffs, except that it was proved that Mrs. S.
J. Sledge had been in possession of said lot for three or four
years before the warehouse was built, claiming the same as
her own ; and that she let Sledge & Smith build the house
on the lot, and they were to occupy it a certain time ; and
that said house was built during the spring of 1871; and that
she afterwards remained in the possession of the same after
1874, when Sledge & Smith went out of possesion, until 1877,
renting the same as her own."

The several rulings of the court to which exceptions were
reserved by the defendant, as above stated, with other mat-
ters not material, as the case is here presented, are now as-
signed as error.

JOHN M. CHILTON, and W. J. SAMFORD, for appellant.
Slaughter defended as tenant in possession, holding by yearly
rental from the Gold Life Insurance Company. The title of
his landlord does not appear, and it was not necessary to
show it, since the plaintiff must recover on the strength of
his own title.—*Brock v. Yongue*, 4 Ala. 584. The defendant
had a right to set up any defense which would have been
available to his landlord. The plaintiff's only source of title
was the mortgage to Swift, Murphy & Co., not as partners,
but "as trustees," which was not competent evidence under

either of the demises laid.  That the evidence must support the demise as laid, see 3d Greenl. Ev. § 317.  That a conveyance under the firm name would pass only an equitable title, see 2 Brick. Digest, 303, § 55 ; 21 Ala. 407.  The mortgage was not admissible, under either count, for the further reason that no consideration was shown, and the defendant was in no manner connected with it.—*Devendal v. Malone*, 25 Ala. 272.  Moreover, the deposition of Smith, which the court excluded under a general objection, shows that the note for $2,000 was without consideration ; and if there was no debt, there could be no valid mortgage ; and the plaintiffs are thus allowed to recover the property without having paid any thing for it.

J. M. RUSSELL, T. L. KENNEDY, and W. H. BARNES, *contra*, cited Jones on Mortgages, vol. 1, § 719 ; *Smith v. Johns*, 8 Gray, Mass. 517 ; Tyler on Ejectment, 170 ; *Doe v. Roll*, 7 Ham. 70 ; Wait's Actions and Denfenses, vol. 3, 118.-

STONE, J.—The declaration in the present action counts on two demises ; one by Charles J. Swift, and the other by George P. Swift, senior, George P. Swift, junior, and Samuel G. Murphy, styling themselves partners using the firm name of Swift, Murphy & Co.  At law, a title conveyed to a partnership in its firm name, vests in the several partners as tenants in common.—*Caldwell v. Parmer*, 56 Ala. 405.  Testimony was offered by plaintiff, tending to prove title under the latter, but inapplicable to the first named demise.  Objection by defendant to the admissibility of the evidence under the first demise.  This was not the proper way to raise the question.  The testimony—mortgage to Swift, Murphy & Co.—was clearly admissible under the pleadings ; and if it became material to limit the operation of the testimony to a part, less than the whole of the issues, that was a proper subject for a charge, explaining to the jury the extent to which it was pertinent.—*Goldsmith v. Picard*, 27 Ala. 142 ; *Cook v. Parham*, 24 Ala. 21 ; 1 Brick. Dig. 810, §§ 98, 99.

The testimony of Smith, rejected by the court at the instance of plaintiff, was offered to prove that nothing was due on the mortgage, the foundation of the suit.  If this defense could be made at law, there was no issue formed to justify its introduction.  The record contains no special plea, setting up that matter in avoidance.  Our statute (Code of 1876, § 2988) has defined the extent to which the plea of not guilty can be made available.  Its language is : "In all suits where the defendant relies on a denial of the cause of action as set forth by the plaintiff, he may plead the general issue ;

[Slaughter v. Doe, ex dem. Swift, Murphy & Co.]

and in all other cases, the defendant must briefly plead specially the matter of defense, and may, by leave of the court, plead more pleas than one." The defense offered was not a denial of the cause of action as set forth—the making of the note and mortgage, and their maturity. It proposed to go farther, and avoid their effect by proving payment, or something equivalent thereto.—*Petty v. Dill*, 53 Ala. 641; *Trammell v. Hudson*, 56 Ala. 235; *Folkes v. Collier*, at this term.

There are many decisions of other States, holding that payment of the debt secured, before action brought, is a good defense to an action of ejectment brought by the mortgagee. Some, if not all, of these decisions are influenced, more or less, by statutes defining the nature and extent of recovery in such actions.—*Jackson v. Stackhouse*, 1 Con. 122; *Gray v. Jenks*, 3 Mason, 520; *Gray v. Wass*, 1 Green. 257; *Vase v. Handy*, 2 Greenl. 322; *Burton v. Austin*, 4 Ver. 105; *Petty v. Clarke*, 5 Pet. 481. And the following text-writers assert the same doctrine: 2 Greenl. Ev. § 330; 1 Jones on Mort. § 719; 3 Wait's Act. & Def. 66; 4 *Ib.* 545. See, also, *Breckenridge v. Armsby*, 1 J. J. Mar. 236; S. C. 19 Amer. Dec. 71. This court, however, has adopted a different rule, and holds that, when the mortgage is silent as to the time or event on which the mortgagee may take possession; or, when the time is expressed in the mortgage, during which the mortgagor may remain in possession, and that time has passed; then, as against the mortgagor, and those claiming in his right, the mortgagee has the legal title and right to possession, and may maintain ejectment; and the payment of the mortgage debt is not a good defense to such action, although it will defeat an action for chattels conveyed by mortgage.—*Deshazo v. Lewis*, 5 Stew. & Por. 91; *Lewis v. Canfield*, 2 Ala. 555; *Morrison v. Judge*, 14 Ala. 182; *Harrison v. Hicks*, 1 Par. 423; *Barker v. Bell*, 37 Ala. 354; *Goodman v. Pledger*, 14 Ala. 114; *Shirer v. Johnson*, 62 Ala. 37; *Toomer v. Randolph*, 60 Ala. 356; *Welch v. Phillips*, 54 Ala. 309; *Woodward v. Parsons*, 59 Ala. 625; *Denby v. Mellgrew*, 58 Ala. 147; *Coyle v. Wilkins*, 57 Ala. 108; *Dryer v. Lewis*, 57 Ala. 551; *Baldwin v. Hutchett*, 56 Ala. 461; 2 Wash. Real Prop. 95.

The following authorities bear on the question of usury, when relied on in defense of an action of ejectment by a mortgagee. *Chandler v. Morton*, 5 Greenl. 374; *Richardson v. Field*, 6 *Ib.* 35; *Holton v. Button*, 4 Com. 436.

And it seems to be settled that, as against all persons except the mortgagee, and those claiming in his right, the legal title is in the mortgagor, until foreclosure.—*Knox v. Easton*,

38 Ala. 345, 356; *Denby v. Mellgrew*, 58 Ala. 147; 3 Wait's Act. & Def. 66; Tyler on Eject. 56; *Hitchcock v. Harrington*, 6 Johns. 290.

Affirmed.