HANRICK *VS.* THE FARMERS' BANK OF CHATTAHOOCHIE.

1. Inland bills of exchange, in this State, are regulated and governed by the same laws, usages and customs, which regulate and govern foreign bills of exchange—except, in the amount of damages.

2. Damages, other than interest, are never given by the law-merchant, against an acceptor of a bill—as acceptor merely.

[3. In England, the damages are estimated at the difference of exchange, and the expences of forwarding.]

4. The clerk of the court has no power to ascertain the damages, but on a writing ascertaining the plaintiff's demand.

5. Where the common money counts are added to a count on a bill of exchange—the clerk may compute the damages without entering a *nolle prosequi* to the common counts.

[6. The decision (Minor, 18,) founded on the English decisions, overruled.]

Error to the Circuit court of Montgomery.

Assumpsit on note, tried by *A. Martin*, J.

This action was founded on a bill of exchange, dated March twelfth, eighteen hundred and thirty-seven, drawn by Whitman & Hubbard on, and accepted by defendant below, for ten thousand dollars, payable sixty days after date, to the order of Thomas W. Brame—made negotiable and payable at the Bank of Moble—and endorsed by Thomas W. Brame, William S. Brame, and Walsh & Fitzpatrick—and protested for non-payment. The general issue was plead by defendant below, but withdrawn, and judgment rendered for plaintiffs.

Hannck *vs.* the Farmers' Bank of Chattahoochie.

*Campbell*, for plaintiff in error.
*Hilliard*, contra.

ORMOND, J.—This was an action of assumpsit, brought by the defendant in error, as the endorsee of a bill of exchange, against the plaintiff in error, as the acceptor of the said bill.

The declaration contains a special count on the bill, and the common money counts, for money had and received, and money paid, laid out and expended. The record further shows this entry of the judgment:

" This day came the parties, by their attornies, and the defendant withdrawing his plea, says nothing in bar or preclusion of the plaintiff's action. It is therefore considered by the court, that the plaintiff recover of the defendant, the sum of," *&c.*

From this judgment, the defendant below has prosecuted a writ of error to this court, and now assigns for error—

1. That the declaration contains the common counts, and judgment was rendered without the intervention of a jury ;

2. That the judgment is rendered for more money than is specified in the count on the bill.

The last assignment of error will be first considered.

The bill of exchange sued on, was for ten thousand dollars, and the judgment rendered was for eleven thousand, six hundred and fifty-three dollars ; it is therefore manifest, that the clerk, in computing the damages, has assessed, besides the interest, ten per cent on the amount of the bill, as damages for non-payment ; and the ques-

tion is therefore presented, whether the acceptor of an inland bill of exchange, that is, one drawn within, and payable within the State, is liable to pay ten per cent damages, on protest for non-payment.

To understand the full bearing of this important question, it will be necessary to take a survey of all our statutes on the subject, as it is only by considering them as a whole, that a satisfactory result can be attained.

The act was passed in eighteen hundred and seven, and is entitled " an act to render promissory notes and cotton receipts negotiable, and for other purposes."

The first section makes promissory notes negotiable by assignment, as inland bills of exchange, and is, in substance, the same as the well known English act of Parliament, of the third and fourth of Anne, which was repealed in eighteen hundred and twelve.

The second and third sections, provide for the issuance of cotton receipts by the owners of gins, and make them assignable and negotiable, as promissory notes.

"Sec. 4. That when any person or persons shall, by order in writing, signed by his or her proper hand, direct the payment of any sum or sums of money, in the hand or possession of any other persons whatsoever, the money therein specified, shall, by virtue thereof, be due and payable to such person or persons to whom the same is drawn payable, and may be put in suit against the person or persons who may draw the same, or against the person or persons on whom the same may be drawn (after acceptance thereof,) by him or them to whom the same shall be made payable, and recover damages. *Provided, nevertheless,* that no person or persons whatsoever,

shall prosecute any suit against any person or persons, who shall give such order for the money herein mentioned, before the same shall have been presented for acceptance, and notice given of the non-acceptance thereof to the drawer; or before the same shall have first been protested or non-accepted, and notice given thereof to the drawer, before such suit shall be brought; and if any suit shall be brought on any such order, before notice and refusal to pay as aforesaid, the plaintiff or plaintiffs shall be non-suited, and pay costs.

" Sec. 5. That all bills of exchange, hereafter to be drawn upon any person resident within the United States, and out of this Territory, which shall be returned protested, the damages of such protested bills, shall be fifteen per cent. on the sum drawn for; and all bills in like manner drawn upon persons resident out of the jurisdiction of the United States, being protested, the damages shall be twenty per cent. on the sum mentioned in the said bills respectively, and all charges incidental thereto, with lawful interest as aforesaid, until the same be paid.

" Sec. 6. Every bill of exchange, of the sum of twenty dollars and upwards, hereafter drawn in, or dated at and from any place in this Territory, upon any person or persons within the said Territory, and payable after a certain number of days, weeks or months after date or sight thereof, shall, in case of non-acceptance by the drawee, when presented for acceptance; or if accepted, in case of non-payment by the drawee, when due and presented for payment, be protested by a notary public, in like manner as foreign bills of exchange, and the

Hanrick *vs.* the Farmers' Bank of Chattahoochie.

damages on such bill, shall be ten per cent on the sum drawn for, and shall, in every other respect, be regulated and governed by the same laws, customs and usages, which regulate and govern foreign bills of exchange" —(See Toulmin's Dig. 67.)

In determining the effect to be given to this statute, we must consider it as a whole, and give it such a construction, as best comports with the intention of its framers, without laying undue stress on particular portions of it.

The counsel for the defendant in error, insists, that by the fourth section of the law above cited, the legislature intended to give damages of ten per cent against the acceptor, upon the non-payment of the bill; and it is probable that the section, standing alone, would justify such an inference. But, upon examination, it is quite apparent that the legislature did not intend, by that section, to do any thing more than to provide, that when an order was drawn, that the sum drawn for should be due and payable to the payee, and that he might maintain an action against the drawer or acceptor and recover damages, or in other words, (what, to be sure, was quite unnecessary,) to define what should constitute a bill of exchange. Having thus laid the foundation of the system, the legislature proceed, in the two succeeding sections, to determine in what manner the rights and liabilities of the different parties to the bill are to be ascertained—the amount of damages to be paid on the dishonor of a bill—and lastly, that inland bills shall in all respects, except the amount of the damages, " *be regulated and governed by the same laws, usages and customs, which regulate and govern foreign bills of exchange.*"

Damages, other than interest, which may accrue, is never, by the law-merchant, given against an acceptor of a bill, as such merely; though cases may exist, in which he might he liable to the drawer, in damages on some special agreement, to accept the bill. But, as a general proposition. and for all the purposes of this case, it may be asserted, that he is not liable. His undertaking is absolute, to pay the money. to the holder of the bill. Damages are given to the holder, to compensate for the loss and disappointment in not receiving his money at the place appointed, and arises out of the contract of drawing or endorsing the bill. In England, the damages are estimated at the difference of exchange and expenses of re-drawing, so. as to enable the holder to place his funds where the bill should have been paid. But, be the reason of the law what it may, in allowing damages on the dishonor of a bill, it is certain, that, testing the case by the rule prescribed by the sixth section, (the *lex mercatoria,*) no damages can be claimed against an acceptor; and it would be contrary to every sound rule of construction, to make the positive rule pointed out in the sixth section, yield to the mere implication which might be drawn from the fourth section, uncontrolled or unexplained by the language of the sixth. We are, therefore, of opinion, that damages cannot be recovered from the acceptor of an inland bill of exchange.

The remaining objection is, that where there is a special count on a promissory note or bill of exchange, (as is the case here,) and also the common money counts,— that it is error for the clerk to compute the damages, without a *nolle prosequi* being first entered on the common counts.

Hanrick *vs.* the Farmers' Bank of Chattahoochie.

In England, the practice is, under a rule of court, to require the clerk to assess the damages, a *nolle prosequi* being entered on the common counts. But the decision of this question does not depend on the English authorities, but turns exclusively on our statute. "In all actions founded on any writing ascertaining the plaintiff's demand, or sum sued for, if judgment by default, *nihil dicit*, or by *non sum informatus*, or on demurrer, be entered thereon, the court, where the same action shall be pending, shall and may lawfully enter judgment for the debt, demand and interest thereon, to be calculated by the clerk of such court, up to the time of rendering damages, without the intervention of a jury to enquire of the damages"—(Aik. Dig. 269.)

It will be seen by this act, that the clerk has no power to ascertain the damages, but on a writing ascertaining the plaintiff's demand, such as is described in the first count. The plaintiff in error, therefore, cannot, by possibility, be injured by the failure to enter a *nolle prosequi* on the common counts; as the only effect of retaining them, might be to debar the plaintiff below from recovering any claim, which might have been recovered under the common counts. The former decision of this court, to be found in Minor's Rep. 18, was founded on the English decisions, and is hereby overruled. The case of Knickerbocker vs. Colden, (2 Cowen, 31,) and of Beard vs. Van Wickle, (3 Cowen, 335,) were made under a statute of New York, different from ours, and therefore do not militate against the views here taken.

For the error of the court below, in rendering judgment for too much, the judgment is reversed, and this

8 P. 69

court, proceeding to amend the same, directs tl at judgment be now entere.l for the amount of said bill of exchange, with interest thereon, to the time of the rendition of the judgment of the court below, and that the plaintiff in error pay the costs of this court.