## MANNING *vs.* KOHN.

[ACTION BY PAYEE AGAINST ACCEPTOR OF BILL OF EXCHANGE.]

1. *Act of January 18, 1867, in relation to city courts, &c.; construction of.* The provision of the act of January 18, 1867, that in a city court, whose terms are held oftener than twice in each year, a space of at least twelve months must intervene between the return and judgment terms, is complied with in a case when the suit was returned to the February term, 1867, and judgment rendered at the February term, 1868, that being the time prescribed for holding a regular annual term of the court. ( PETERS, J., *dissenting,*)—*Held, that a judgment could not be legally rendered until after a space of at least twelve months had intervened, and that no period of time, short of this, came within the meaning of the act.*

2. *Acceptor; when not liable for damages.*—The acceptor of a bill of exchange is not ordinarily liable for damages.

3. *Judgment; when will be reversed and rendered.*—Where the complaint claims damages against an acceptor improperly, and the judgment is for the demand, this court will reverse, and render judgment for the correct amount, at the cost of the appellee.

APPEAL from the City Court of Montgomery.
Tried before Hon. THOS. M. ARRINGTON.

This was an action by the payee against the acceptor of a bill of exchange, dated May 11th, 1861, and due four

months after date. The complainant claimed damages thereon. Judgment, by default, was rendered for an amount which was equal to the principal, and five per cent. damages thereon at maturity, with interest to the rendition of the judgment.

The errors assigned are :

1st. That the judgment was rendered at a term of the court at which it was not authorized to be rendered.

2d. That the judgment was rendered for the sum of $1,054.25, when it should have been for the less sum of $1,030.

ELMORE & GUNTER, for appellants.

WALKER, MURPHEY & WINTER, contra.

B. F. SAFFOLD, J.—This suit was instituted in the city court of Montgomery, on a bill of exchange made in 1861. The summons was issued February 4th, 1867, executed February 7th, 1867, and returned to a term of the court commenced February 11th, 1867. The judgment was rendered March 28th, 1868, at a term which commenced on the 10th February, 1868, and was by default.

The appellant objects that a period of at least twelve months did not intervene between the return and judgment terms, as required by law.

At the time this suit was begun, an act of the legislature to regulate judicial proceedings was in operation, which required that the first term of the court after the commencement of the action should be deemed the return term, only ; the second term, an appearance and pleading term, and the action should not be tried before the term next after the appearance term thereof.—Act of February 20th, 1866. By an amendment to the 8th section of this act, approved January 18th, 1867, if the suit was in a city court, where terms are held oftener than twice in each year, a space of at least twelve months must intervene between the return and judgment terms.—Acts, 1866-7, p. 176. By an act, approved December 7th, 1866, three terms of the city court of Montgomery, in each year, are

required to be held, commencing on the second Monday in February, and the first Monday in June and October.

The constitution requires the circuit court to be held twice a year in each county, and the times appointed by law are certain Mondays of months, which divide the year as nearly as practicable, so as to make semi-annual terms. The interval between the commencement of the return and judgment terms in the circuit court, under the law of February 20th, 1866, was about twelve months. It could not be exactly twelve calendar months, because the court commencing on a given Monday in a month would generally begin on a different day of the month, thereby increasing or lengthening the interval a little. Did the legislature, in making a special provision, that in city courts when terms are held oftener than twice in a year, a space of twelve months should intervene between the return and judgment term, mean to attach a significance to the length of time requisite to obtain a judgment in those courts different from that intended in the circuit courts ? Without this provision, judgments could have been obtained in the city court several months sooner than in the circuit courts, under the same law, and a discrimination, without reason, between debtors would have been effected. The construction of the provision contended for by the appellant would vary the time of obtaining judgment in the city courts from twelve to eighteen months, according to the day of the month on which the Monday appointed for the commencement of the term should fall. We think the provision was intended to make equal the time in both courts, and that the judgment term was the next annual term after the return term ; that the period between the second Monday in February, 1867, and the second Monday in February, 1868, they being the legally appointed times for the holding of the winter terms of the city court of Montgomery in each year, constituted the twelve months required by the statute.

The acceptor of a bill of exchange is in general not liable for damages.—*Hanrick v. Farmer's Bank of Chattahoochee*, 8 Port. 539.

23

A mere clerical error in the amount of the recovery, this court will correct at the cost of the appellant. But in this case the complaint claims damages, and the judgment is for the demand. It is manifest from the record that five per cent. damages has been included in the judgment. For this error the judgment is reversed, and a judgment for the proper amount will be rendered in this court.—Rev. Code, 3502. The appellee will pay the cost of the appeal.

PETERS, J., *(dissenting.)*—I regret to dissent from the opinion and judgment just announced by a majority of the court. I can not assent to this judgment without violence to what I esteem one of the plainest rules of the constitution. That is, to take the language of the law to mean just what it declares, when its words are wholly free from doubt.

This was an action instituted in the city court of Montgomery, in which court terms are held oftener than twice in each year.—Pamph. Acts, 1866–67, p. 102, § 1, No. 117. The writ was issued on February 4th, 1867, and made returnable to a term of said city court, held on the second Monday in February in the same year ; that is, on February 11th, 1867 ; this was the return term of said writ. The judgment term of the suit thus brought could not be held sooner than twelve months after the date last above said ; that is, February 11th, 1867. But the term at which the judgment in this case was rendered commenced on the second Monday in February, 1868, which was February 10, 1868. This was less than twelve months from the return to the judgment term of the city court in which the suit was brought. The judgment was by default. This was forbidden by law.

The language of the statute is this : "But the return and judgment terms on all suits brought in such courts *must* be *intervened* by a *space* of at least twelve months."— Pamph. Acts, 1866–67, p. 176.

This language is too plain for doubt or quibble, as it appears to me. Twelve months is a fixed certain space of time. It is mathematically exact. A space shorter than

this can not be twelve months. If the court can shorten this space one day, it can shorten it as many days as it chooses. The power to vary from the statutory period, is a power to legislate. The language of the act is our only guide. To quit this is to quit the law ; and in the end to make shipwreck of all safe legal logic, and to give to fallacies the force of truth. As well might it be contended that five days were a week, as to assert that less than twelve 'months is a " space" " at least twelve months" in length. Here the space that intervened between the return and judgment term of this suit was one day less than twelve months—such is my calculation. The court ought to have waited till the June term of said court before the judgment was rendered.

I, therefore, think the judgment should be reversed, and the cause remanded, at the costs of the appellee in this court, and of the appeal in the court below.