# Trammell *v.* Hudmon & Brother.

*Action on Bill of Exchange, by Indorsee against Acceptor.*

1. *Liability of acceptor for damages.*—Under an unqualified acceptance of a bill of exchange, the acceptor is liable only for interest, as on a promissory note, and not for statutory damages (Rev. Code, § 1845).

2. *General replication; what evidence admissible under.*—In an action on a bill of exchange, by an indorsee against the acceptor, under a general replication to the pleas of *non assumpsit,* fraud, and want or failure of consideration, the plaintiff cannot adduce evidence showing that he is an innocent holder for value, but is confined to evidence negativing the pleas.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. JAMES E. COBB.
This action was brought by T. P. Hudmon & Brother, as

partners, against Joseph D. Trammell, as the acceptor of a bill of exchange for $119, drawn by J. S. Byington, payable to his own order, and by him indorsed to the plaintiffs, dated the 28th May, 1873, and payable six months after date. The defendant pleaded the general issue, and two special pleas, each averring, in substance, that the bill was accepted by him, at the instance of said J. S. Byington, in payment of the premium on a policy of life insurance, for which the defendant had applied, in a company of which the said Byington was the agent; that the policy issued to him was a "term policy" for thirty years, instead of a policy for life, for which he had applied; that the company entirely failed to comply with other material stipulations, which were specified in the pleas, and which the said Byington, in procuring the defendant to enter into the contract, falsely represented that the company would perform; and so the acceptance was void for fraud, and for the want and failure of consideration. The plaintiffs took issue on these pleas, without any special replication. On the trial, as the bill of exceptions shows, the plaintiffs offered in evidence the bill of exchange, with its protest; and the defendant testified, as a witness for himself, to facts supporting the special pleas. The plaintiffs then offered to prove, in rebuttal, by the testimony of said T. P. Hudmon, that they purchased the bill for value without any notice of the facts to which the defendant had testified. "The defendant objected to this testimony, on the ground that there were no allegations in the pleadings under which it could come in, and it would cause a variance between the allegations and proof." The court overruled the objection, and admitted the evidence; to which ruling the defendant excepted. The court charged the jury, "that, if they should find for the plaintiffs, they must assess five per cent. damages, besides the face of the bill and legal interest;" to which charge, also, the defendant excepted. The charge of the court, and the admission of the evidence which was objected to, are now assigned as error.

WM. H. BARNES, for appellant.

H. C. LINDSAY, contra.

BRICKELL, C. J.—The acceptance of a bill of exchange is an engagement to pay the bill at maturity; and if it is unqualified, the liability of the acceptor is that of a maker of a promissory note    If the engagement is broken—if the maker fails to pay at maturity—in the absence of a statute prescribing otherwise, no other damages than interest, com-

puted according to the statutory rate, are recoverable.—
*Hanrick v. Farmers' Bank*, 8 Port. 539; *Dickinson v. Br. Bank
Mobile*, 12 Ala. 54. The statute, fixing the rate of damages
on protested bills of exchange, is general in its terms, simply
declaring that five per cent. on the sum drawn for is the
measure, without stating which of the parties are chargeable
with them.—R. C. § 1845. It is not materially variant from
the former statute, under which it was held that the acceptor
was not liable for the statutory damages. The damages are
in lieu of re-exchange and other charges recoverable by the
law merchant (R. C. § 1846); and as these were recoverable
only of the drawer or indorsers, the statute cannot receive
a construction which would impose a liability for them on
the acceptor. Such a construction would be opposed to the
nature of his contract. His promise is to pay the bill, at
maturity, at the place at which it is payable; and interest
compensates fully for his failure to pay. The drawer prom-
ises to pay at the place at which the bill is drawn, and the
indorser at the place of indorsement, if the acceptor fails.
The damages are intended as compensation to the holder, for
the re-exchange, and other expenses which may be incurred,
in placing the money where it was payable according to the
tenor of the bill, and which, under the law merchant, was re-
coverable of the drawer or indorser only, not of the acceptor.
The charge of the court was erroneous.

2. The replication was general—simply an issue on the
truth of the facts stated in the pleas. No other evidence
was admissible, in this state of pleading, than such as was
directed to the facts stated in the pleas. If the plaintiffs
were *bona fide* holders, entitled to recover notwithstanding
the want or failure of consideration of the bill, the facts
should have been introduced by a special replication. The
court erred in overruling appellant's objection to the evi-
dence in rebuttal offered by appellees.

The judgment is reversed, and the cause remanded.