[Thompson v. Duncan.]

# Thompson *v.* Duncan.

*Action for Damages on account of Personal Injuries, by Passenger against Receiver of Railroad.*

1. *Contributory negligence; charge ignoring part of evidence.*—In an action to recover damages for personal injuries sustained by a passenger on a railroad, contributory negligence being pleaded as a defense, and some evidence being adduced to support it, a charge asked which ignores that evidence, making the defendant's liability depend only on the care and diligence exercised by its servants, is properly refused.

2. *Standing near open door of car; notice or warning of danger.*—"If there be any danger in standing near an open side-door of a car, when the train is starting or in motion, it is not an unreasonable presumption that persons of ordinary prudence are aware of it;" and when a person, so standing, is thrown from the car by the shock attendant on its coupling with the train, and thereby injured, he can not complain that he was not notified of his danger, nor warned of the coming shock.

3. *Contributory negligence; burden of proof as to.*—Contributory negligence is defensive matter, which the plaintiff is not required to negative in the first instance; and a charge which asserts that, "before the plaintiff can be entitled to recover, the jury must be satisfied from the evidence (1) that the defendant, his agents or servants, have been guilty of fault or negligence, (2) that plaintiff has been thereby injured, and (3) that this damage has been without the lack of any reasonable care on his part," misplaces the burden of proof, and is erroneous.

4. *Same; when available as defense.*—Negligence on the part of the plaintiff himself, to be available as a defense to an action, "must have contributed proximately to the injury;" "contributed in any way to the happening of the injury," is not an accurate expression, and is probably misleading.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Joseph W. Thompson, against William B. Duncan, receiver and trustee of the Mobile & Ohio railroad, who was operating said road under the appointment of the United States Circuit Court at Mobile, to recover damages for personal injuries sustained by plaintiff, by being thrown violently to the ground, from and through the open door of a "caboose car," in which he was a passenger from Mobile to Whistler, a station about five miles distant from the city. The defendant pleaded the general issue, and a special plea averring contributory negligence on the part of the plaintiff; and the cause was tried on issue joined on these pleas.

It appeared that the "caboose car" was part of a freight train, which carried passengers at the usual rates, and which left Mobile at twelve o'clock M., daily. The plaintiff was in the

habit of travelling on the train, and he entered the car while it was standing on the track, several minutes before it was coupled to the train. As to the circumstances attending the accident, the plaintiff thus testified as a witness in his own behalf: "I got on the caboose car before the same had been attached to the main train. I knew that the train had to back down, and couple the caboose to it before it started. When I entered the caboose, the only vacant seat I observed was something that looked like the half of a cot, that was standing against the side of the car, and the end of which was about six inches from the floor. I took my seat upon this cot, which placed me about two feet from the door of the car. While sitting in this position, the main part of the train backed down, a brakeman called for a long link, and some one handed him one, and I thought the coupling had been made; but, shortly afterwards, the main part of the train backed down against the caboose, with such force and violence that I lost my balance, and slid along the side of the car until I came to the door. The force was such that I struck my shoulder and hip against the further side of the door-facing as I fell out, and thence to the ground; and nothing to catch hold of, I fell out on my neck and shoulders, which hurt me seriously. Some one assisted me up on my feet, but I got back in the car without assistance, took the same position I occupied before, and went on to Whistler."

It was shown that the train consisted of about twenty cars; that the "caboose" was about forty feet long, but only the central part was used for the accommodation of passengers, the two ends being used as a cook-room and conductor's room; that the central part was only about fifteen feet in length, and there was on each side a door about six feet wide; that several boxes, in which tools were kept, were used as seats for the passengers, and there were several chairs. Some of the witnesses testified that the seats were all occupied when the plaintiff entered the car, but others said that several seats were then vacant. As to the severity of the shock, the witnesses differed in their testimony; some describing it as unusually severe, while others said that it was not more violent than usual in coupling a long train of cars. The brakeman who coupled the "caboose" with the other cars, testifying as a witness for the defendant, said that the coupling was effected by him without difficulty or danger, and that the shock was not any greater than usual; though the plaintiff's testimony showed that two other persons, besides himself, were thrown from their seats.

The above being the substance of the evidence, the plaintiff asked the following charges, which were in writing, and which the court refused to give: 1. "If the jury believe, from the evidence, that the plaintiff was a passenger on the railroad car

[Thompson v. Duncan.]

of the defendant when the injury occurred, and that he was injured by an accident occurring while such passenger; and if they further find that such accident could have been avoided by the use of very great care and diligence by those in charge of the movement of the cars, then the defendant would be liable." 2. "If the plaintiff was injured while a passenger on the defendant's railroad cars, by the negligence and want of care of the employees of the defendant having control of the cars, the defendant would be liable, although the jury may be satisfied that the negligence was not gross, but slight in its character." 3. "If the jury should find from the evidence that, from the number of passengers on board of the car, and from the lack of seating accommodation, plaintiff was obliged to stand up in the car; and if they further find, from the evidence, that the shock which would necessarily result from bringing the other cars against the caboose, for the purpose of coupling it, would be so great as to throw down a passenger who was standing, if such stock should come without warning; then it would be the duty of the officers of the train, having knowledge of these facts, to warn the passengers before giving such shock; and if, under such circumstances, no warning was given, and the plaintiff was not otherwise made aware of the coming of such shock, and was in fact taken unawares, then the defendant would be guilty of negligence in not giving notice or warning."

The plaintiff duly excepted to the refusal of each of these charges, and also to several charges given by the court at the instance of the defendant, among which were the following: 6. "Even if the jury should be satisfied, from the evidence, that there was misconduct or negligence on the part of the defendant, his agents or employees, and that the plaintiff sustained injury in consequence of it; still, if the jury should also be satisfied, from the evidence, that there was any want of ordinary care on the part of the plaintiff, and such lack of ordinary care contributed in any way towards the happening of the injury, then the jury must find for the defendant, unless the evidence shows to their satisfaction that the injury was wantonly or intentionally caused by the defendant." 9. "Before the plaintiff can be entitled to recover in this case, the jury must be satisfied from the evidence (1) that the defendant, his servants or agents have been guilty of fault or negligence, (2) that the plaintiff has been thereby injured, and (3) that this damage has been without the lack of any reasonable care on his part; unless the jury are also satisfied, from the evidence, that the alleged damage was wantonly or intentionally caused by the defendant, his servants or agents."

[Thompson v. Duncan.]

The refusal of the charges asked, and the charges given to which exceptions were reserved, are now assigned as error.

JAS. BOND, for the appellant.—When passengers are carried regularly or habitually on freight trains, the degree of care and diligence required of the railroad company is the same as on regular passenger trains.—*Edgerton v. Railroad Co.*, 39 N. Y. 227; *Dunn v. Railroad Co.*, 58 Maine, 187; *Railroad Co. v. Horst*, 3 Otto, U. S. 291; Thompson on Carriers of Passengers, 234, 328, 343. The degree of care and diligence required in such cases is correctly stated in the first and second charges asked and refused.—*Brown v. Railroad Co.*, 34 N. Y. 404; *Tanner v. Railroad Co.*, 60 Ala. 621; *Railroad Co. v. Gothard*, 67 Ala. 116; Thomp. on Carriers, 200, 201. It was not necessary that these charges should negative contributory negligence on the part of the plaintiff, since that was defensive matter.—*Railroad Co. v. Clark*, 74 Ala. 443. But there was no proof of any contributory negligence, and charges in reference to it were abstract. The plaintiff was in no fault—he was inside of the car, and in a lawful position, which neither caused nor contributed to the injury.—*Willis v. Railroad Co.*, 34 N. Y. 670; s. c., 32 Barb. 399; *Carroll v. Railroad Co.*, 6 Duer, 415; *Halsey v. Earle*, 30 N. Y. 208; *Farlow v. Kelly*, 108 U. S. 288; 2 Redf. on Railways, § 177. That the third charge asked should have been given, see *Laing v. Colder*, 8 Penn. St. 479; *Railroad Co. v. Ogier*, 35 Penn. St. 60. If it be held that there was evidence which justified the court in submitting to the jury the question of contributory negligence, then it is insisted that the court erred in the charges given, 1st, in misplacing the burden of proof; and, 2d, in not limiting the inquiry to negligence which proximately contributed to the injury, instead of "contributed in any way."—*Tanner v. Railroad Co.*, supra; *Railroad & Banking Co. v. Letcher*, 69 Ala. 107; *Railroad Co. v. Copeland*, 61 Ala. 376.

T. A. HAMILTON, contra.—The first and second charges asked ignored the question of contributory negligence, which the evidence tended to prove, and were properly refused for that reason.—66 Ala. 275; 68 Ala. 267; 23 Ala. 17; 51 Ala. 394; 54 Ala. 123. That the plaintiff could not recover, if his own negligence, or want of ordinary care and prudence, contributed to the injury, is shown by numerous authorities. Wharton on Negligence, §§ 130–33, 300; 95 U. S. 697; 14 Allen, Mass. 431; 3 Allen, 18; 25 Ill. 373; 53 Ala. 70; 23 Penn. St. 147; 62 Ala. 500; 1 Biss. 506. When the plaintiff entered the car, he knew that it must be attached to the train; he was in the habit of travelling on the train, and must have

22

[Thompson v. Duncan.]

known that a shock, more or less severe, always attends the coupling of cars; and he can not complain that he was not notified of that fact when the coupling was made. As to the correctness of the 9th charge, see Whart. Neg. § 421; Shear. & Redf. Neg. §§ 11, 12; 2 Kernan, N. Y. 236; 95 U. S. 442, and 702; 28 Ala. 412; 61 Ala. 376; 67 Ala. 118; 69 Ala. 106; 14 Allen, 429.

STONE, C. J.—We can not say there was no evidence in this case tending to show contributory negligence on the part of the plaintiff. Hence we hold the Circuit Court was justified in submitting that question to the jury.

The first and second charges asked by plaintiff were rightly refused. They ignored the question of contributory negligence, upon which there was some testimony. Nor do we think the third charge of plaintiff should have been given. It is not shown any officer or employee of the railroad had any knowledge that plaintiff had taken a dangerous position in the "caboose," nor indeed is it shown there was any officer or employee in the car. Persons entering the "caboose" would be apt to observe whether or not it was attached to the train; and if there be danger in standing near an open side door in a car, when the train is starting, or in motion, it is not an unreasonable presumption, that persons of ordinary prudence are aware of it. In transitions from rest to motion, or from motion to rest, there is ordinarily some disturbance of the equilibrium, the result of *inertia.* This is common knowledge.

In the ninth charge given at the instance of the defendant the Circuit Court erred. True, before plaintiff could recover, it was incumbent on him to satisfy the jury that the defendant, his servants or agents, had been guilty of fault or negligence, and that he, plaintiff, had been thereby damaged. It was not his duty to prove that this damage had been done through no want of reasonable care on his part. Nor was it necessary that the jury should, by their verdict, affirm that plaintiff had not contributed to the injury. Contributory negligence is in its nature defensive, the disproof of which does not rest on plaintiff, unless in rebuttal of defensive testimony tending to establish it. Like the defense of payment, or set-off, when pleaded, a general verdict for the plaintiff is simply an assertion, or finding, that the defense had not been proved. The error of the charge is, that it misplaced the *onus,* in the matter of contributory negligence.—*Ind. & St. L. R. R. Co. v. Horst,* 93 U. S. 291.

The sixth charge given is also subject to criticism. "Contributed in any way to the happening of the injury," is prob-

[Burns & Co. v. Moore & McGee.]

ably misleading. To come within the rule, plaintiff's negligence must contribute proximately to the injury inflicted.

Reversed and remanded.