[Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie.]

# Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie.

### Action for Damages on account of Collision between Railroad Cars.

1. *Contributory negligence; burden of proof as to.*—Contributory negligence is a defense, the burden of proving which rests on the defendant, although it may be negatived by the averments of the complaint; and it must be affirmatively proved by the defendant, unless the plaintiff's own evidence establishes it.

2. *Demurrer to special plea; error without injury in ruling on.*—Improperly sustaining a demurrer to a special plea is error without injury, when the record affirmatively shows that the defendant had the benefit of the same defense under the general issue; but the principle does not apply to the erroneous overruling of a demurrer to a bad special plea, whereby the plaintiff is compelled to take issue on it.

3. *Collision of moving train with cars on side-track; contributory negligence, as affected by speed of train and location of cars.*—In an action by a railroad company, to recover damages on account of injuries caused by a collision of one of its trains with several empty cars left standing on a side-track by the defendants' servants, if the empty cars were left standing too near the main track, but a collision might, nevertheless, have been avoided by the use of reasonable diligence on the part of the persons who were in charge of the passing train, the defense of contributory negligence would be made out; and in this connection, the speed of the train, and the fact that it had a watchman so stationed as to see and give notice of obstructions, or the want of these precautions, would be material facts. But, if the empty cars were not placed too near the main track, but were insecurely scotched on the down grade of the side-track, and, being put in motion by the passing train, rolled down on it at the switch, the speed of the train would be immaterial, and contributory negligence could not be imputed to the plaintiff.

4. *Liability of master for negligence of servant.*—A gas company having exclusive possession and control of the side-track of a railroad adjacent to its works, for the receipt and delivery of coal, and having employed an adjoining proprietor to unload the coal delivered on a train of cars; if the cars, when unloaded, are negligently placed or left by said proprietor's servants so near the main track of the road as to cause a collision with a passing train, he and his employer, the gas company, are jointly liable to the railroad company for the damages thereby caused.

5. *Contributory negligence in construction of side-track.*—In such action, a plea averring contributory negligence by plaintiff, in that "said side-track was constructed by plaintiff in an unskillful and improper manner," is demurrable, since such negligence would be too remote from the injury.

6. *Honest mistake as defense.*—If the empty cars were placed by the defendant's servants so near the main track of the plaintiff's road as not to allow room for passing trains, the defendants can not claim immunity from liability, on the ground that this was the result of an honest mistake on the part of their servants.

[Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the Montgomery and Eufaula Railway Company, a domestic corporation, against Chambers & Abercrombie as partners, and the Montgomery Gas-Light Company, a private corporation, to recover damages on account of injuries to a train of cars belonging to plaintiff, caused by a collision with several empty cars standing on a side-track, and alleged to have been caused by the negligence of the defendants' servants in leaving the empty cars standing at the place. The injury occurred on the 10th October, 1883, and the action was commenced on the 17th November, 1883. The defendants jointly pleaded not guilty, and a special plea averring contributory negligence, in these words: "For further answer defendants say, the said side-track was made by the plaintiff as part of its railway, for the use and benefit of the plaintiff, and was, at the time of the commission of the alleged grievance, in the possession, and under the control of the plaintiff; that for a long time previous to the time of said alleged grievance, the Louisville and Nashville Railroad Company had, with the knowledge and consent of said plaintiff, delivered for defendants, on said side-track, cars loaded with coal, to be then and there unloaded by defendants, and, after being unloaded, to be taken away by said L. & N. R. R. Company; for which defendants paid said railroad company one dollar for each car so delivered, and also paid plaintiff sixty cents for each car, for the use of said side-track for the purpose of unloading the same. And defendants further say, that, at the time of said alleged grievance, said L. & N. R. R. Company had delivered on said side-track three or more cars loaded with coal, to be unloaded; and two of said cars, having been unloaded, were pushed out of the way, so that another loaded car might be put in proper position to be unloaded; but said two cars were not pushed far enough to impede or obstruct a train passing on plaintiff's main track of railroad; and defendants were at that time using said side-track in the manner and for the purpose for which they paid plaintiff as aforesaid, and in no other manner, and for no other purpose. And defendants further say, that by an ordinance adopted by the city council of Montgomery, which was then in force, it was made unlawful for any person to cause, permit or suffer any locomotive engine to run within the limits of the city of Montgomery, at the place where said alleged injury occurred, at a greater rate of speed than four miles an hour when running backwards; that plaintiff's said train of cars, with the locomotive engine attached thereto, was run backward at the time and place of said alleged grievance, within the limits of said city of Montgomery, at a greater rate

[Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie.]

of speed than four miles per hour; that said train consisted of a large number of cars, to-wit, eighteen or more cars; and no proper and sufficient provision was made for giving signals to the engineer in charge, in case of damage; and that said train was not a regular train, running on definite and schedule time, but was drawn by what is commonly called a switch engine, running at irregular and uncertain times; and that said side-track was made by plaintiff in an unskillful and improper manner; by reason of all which said negligence of plaintiff, said alleged injury was caused, and said negligence of plaintiff contributed to cause said injury, and but for said negligence of plaintiff the alleged injury would not have occurred." The court overruled a demurrer to this special plea, and issue was then joined on it, as also on the plea of not guilty. The Montgomery Gas-Light Company also filed another special plea, alleging that the injury complained of was done by the servants of Chambers & Abercrombie, over whom it had no control; but a demurrer was sustained to this plea, and it requires no special mention.

The bill of exceptions purports to set out all the evidence adduced on the trial, and contains the following (with other) statements: " The evidence introduced by defendants tended to show that the empty car was not at first near enough to come in contact with plaintiff's train, but that the jar of the train caused the brick, which had been placed in front of the wheels of the first car, to fall off, and that car to roll up so as to come in contact with plaintiff's train; and that the front car of the train passed without coming in contact with the cars on the side-track. The evidence further tended to show that the persons employed by Chambers & Abercrombie to unload said cars had unloaded them on the side-track, and pushed them back so near the main track as to cause plaintiff's train of cars to be driven against them; but there was conflict in the evidence upon said latter fact. The evidence tended to show, also, that the plaintiff was guilty of negligence, which contributed proximately to causing said injury. The evidence further tended to show that, at the time of the injury, the plaintiff's said train of cars was backing at a greater rate of speed than four miles an hour; but the plaintiff's evidence tended to show that the speed was not greater than four miles an hour. It was admitted that there was an ordinance of the city of Montgomery, in force at that time, prohibiting the backing of plaintiff's trains at that point at a greater rate of speed than four miles an hour. The plaintiff's evidence tended to show, also, that the act of the defendants in placing said cars on said side-track so near to the main track caused the plaintiff's said train of cars to be driven against the cars on the side-track;

[Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie.]

and thereby to be thrown from said main track, and to be crushed and broken to pieces. Col. C. P. Ball, a witness for defendants, who had had many years of practical experience as a railroad engineer, testified that it was a very difficult thing, even for an experienced and practical railroad man, to tell with the eye the point on a side-track at which a car might be placed thereon, without danger of its coming in contact with passing trains; that accidents of this kind, as a result, had been of frequent occurrence, and, in order to prevent them, it had become the custom of railroads which he had managed, and of others which he had noticed in this particular, before the occurrence of this accident, to place a clearing-post, as it is called, on the side of such side-tracks at the point beyond which cars could not be placed without danger; and that this custom had become pretty general. The evidence showed, also, that no such clearing-post had been placed upon the side-track in question in this case."

The court charged the jury, at the instance of the Montgomery Gas-Light Company, among other things as follows: "(7.) If the jury believe, from the evidence, that the person or persons by whose fault or negligence the injury complained of occurred, were not the servants or agents of this defendant, nor subject to its control or authority, then the plaintiff can not recover against this defendant in this action." To this charge the plaintiff objected.

The court also gave the following (with other) charges, at the instance of Chambers & Abercrombie. (2.) "The defendants in this case are not liable for a mere mistake of judgment on the part of their employees or servants; but, before the jury can find for the plaintiff, they must find that the act of said employees, in putting the cars where they did, was a negligent act; that is, that such employees could have discovered, by the exercise of ordinary care, that the place at which they stopped the cars was a point at which the cars running on the main tract would be liable to strike them." (3.) "Negligence consists in the failure to exercise ordinary care; and if the jury believe, from the evidence, that the mistake made by the defendants or their employees, in placing the cars near enough to the main track to be struck by the plaintiff's passing train, was such a mistake as a prudent man, exercising ordinary care, was liable to make, then it was not such negligence as makes the defendants liable for the injury done." To each of these charges the plaintiff duly excepted.

The adverse rulings of the court on the pleadings, and the several charges given to which the plaintiff excepted, are now assigned as error.

[Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie.]

ARRINGTON & GRAHAM, and WATTS & SON, for appellant, cited Stephen's Pleading, 89, 157; Beach on Contr. Negligence, pp. 7, 9, 14, 25, 29, 34; Cooley on Torts, 70; *Sullivan v. Bridge Co.*, 9 Bush, Ky. 81; *Willey v. Belfast*, 61 Me. 569; *Clark v. Lebanon*, 63 Me. 393; *Steele v. Burkhardt*, 104 Mass. 59; 6 Amer. Rep. 91; *Baker v. Portland*, 58 Maine, 199; 4 Amer. Rep. 274; *City Council v. Wright*, 72 Ala. 411; Amer. Law Review, vol. 5, p. 41.

W. S. THORINGTON, *contra*, cited *Bethea v. Taylor*, 3 Stew. 482; *Northern C. Railroad Co. v. State*, 31 Md. 357; *Ala. Gr. So. Railroad Co. v. Hawkes*, 72 Ala. 112; *Gothard v. Railroad Co.*, 67 Ala. 114; *Potter v. C. & N. Railroad Co.*, 21 Wisc. 372; *Penn. R. R. Co. v. Roney*, 89 Indiana, 455; 2 Thomp. Neg. 1146, § 1; Beach, Contr. Neg. § 26; *Railroad Co. v. Williams*, 65 Ala. 74; *Railroad Co. v. Bayliss*, 74 Ala. 150; *B. & O. Railroad Co. v. State*, 29 Md. 252, 261; 42 Ill. 288; 38 Barb. 653; 59 Me. 520; *Baker v. Pope*, 9 Ala. 161.

STONE, C. J.—In *Thompson v. Duncan*, 76 Ala. 334, we held that contributory negligence is a defense, the proof of which rests on the defendant. The plaintiff need not anticipate and negative its existence. And if he aver that the injury he complains of was caused by the negligence of the defendant, without any fault or neglect of duty on his part, this does not change the burden of proof as to such contributory negligence. The defendant must still make the proof, unless plaintiff's testimony proves also that he, plaintiff, by his own negligence, has contributed proximately to the injury.

It is contended for appellees, Chambers & Abercrombie, that we need not consider the correctness of the court's ruling on the plaintiff's demurrer to their second plea; that whether their said plea was sufficient as a plea of contributory negligence, is immaterial, as that defense could be as well made under the general issue. It is not necessary we should decide this question.—Code of 1876, § 2988; *Petty v. Dill*, 53 Ala. 631; *Trammell v. Hudmon*, 56 Ala. 235; *Slaughter v. Swift*, 67 Ala. 494; *Burns v. Campbell*, 71 Ala. 271, 294. The principle invoked is applied, and rightly applied, where a demurrer has been improperly sustained to a special plea that is sufficient in law, and yet the record affirmatively shows that, under the general issue, the defendant could and did obtain the benefit of the defense he sought to set up by his special plea. In such case, if there is error, it is without injury.—*Phœnix Ins. Co. v. Moog*, 78 Ala. 284. The question is very different in such a case as this. Overruling the demurrer, was a judicial determination that the plea was sufficient. Plaintiff was thereby

left without discretion.   He must go out of court, under the ruling on the demurrer, or he must take issue on the plea. Taking issue upon it, he stakes the fate of his case on its truth or falsity; and if the jury find the averments of the plea to be proved, the defendant is entitled to a verdict, whether the plea be good or not.—*Mudge v. Treat,* 57 Ala. 1; *Betancourt v. Eberlin,* 71 Ala. 461.   It results, that if the jury found the plea to be true as averred, the defendants were entitled to a verdict, and the only redress open to plaintiffs is to have a review of the ruling on the demurrer.

We will not consider the general doctrine of contributory negligence.   In the recent case of *The Woodward Iron Co. v. Jones,* at the present term, and the cases therein cited, the doctrine is so fully discussed, that we deem it unnecessary to add anything to it.   What we shall have to say will be confined to tendencies of the testimony in this cause.   The record affirms it contains the substance of all the testimony given on the trial.

There are two important inquiries presented by this record, upon which the testimony is not agreed.   The first is, the speed at which the train was moving at the time of the collision—whether at a greater rate than four miles per hour.   The second inquiry is, at what point on the side-track the hands engaged in unloading the cars had left the empty ones; whether so near the main track, as that a passing train would strike them. This last inquiry is dependent on another.   There is some testimony tending to show that the empty cars, as placed by the unloading hands, were too near the main track to allow a train to pass without striking them.   Other testimony tended to show that they were not so placed, but, being put in motion by a passing train, they rolled of their own unchecked gravitation down the track—at that place a down grade—and thus collided with the passing train.   All these inquiries depend on conflicting oral testimony, and are questions for the jury.   If the empty cars, when the train was approaching, were so near the main track as not to allow the train to pass clear of them, then the question of the speed at which it was moving, and of its having a watchman so stationed as that he could look ahead, and see and give notice of obstructions, will become material. If this be found to be the state of the case, and if the jury shall find that moving at the rate of not exceeding four miles an hour, and having a watchman so stationed as to see and give notice, the collision might have been averted by the use of reasonable diligence, then the railroad was guilty of contributory negligence, if the train was in fact moving at a greater rate of speed, and without such appointments, one or both. These conditions, if found to exist, will make good the defense

[Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie.]

of contributory negligence; for no action lies for an accidental injury, which could have been averted by the exercise of reasonable diligence. These are the rules for determining this case, if the empty cars were placed too near the main track to admit of free passage.

There is, however, another possible phase of the facts. There is some testimony tending to show the empty cars were placed not too near the main track, but, being insecurely fastened or scotched, the passing train put them in motion; and rolling down near the switch, the collision ensued. If these be the facts, the railroad company, it would seem, stands acquitted of proximate contributory negligence; for no amount of reasonable diligence could have foreseen or averted such catastrophe.

The question then would be, whether there was negligence in placing, fastening or scotching the empty cars. If there was, plaintiff would seem to be entitled to recover; and it is not perceived that the speed of the moving train would be a factor in this alternate aspect of the case. We may add that, according to the testimony in this cause, both the Gas-Light Company and Chambers & Abercrombie are liable for any negligence that may have been committed in placing the empty cars, if there was such negligence. Negligence of the servant, committed while performing a service within the scope of his authority, by which another is injured, renders the master liable.—Wood's Mas. & Serv. 536, § 279; Shear. & Red. on Neg. § 115.

To the second plea of defendants, Chambers & Abercrombie, there was a demurrer, which the Circuit Court overruled. The *gravamen* of the defense set up in that plea is contributory negligence. In the ninth assigned cause of demurrer is the language, " the acts alleged in said plea are not shown to have been the proximate cause of the injury complained of." The plea sets up several alleged omissions of duty by the railroad company—running backwards at a greater rate of speed than four miles an hour—no proper and sufficient provision for giving signals to the engineer in case of danger—and adds, "that said side-track was made by plaintiff in an unskillful and improper manner." This last averment is made a very important factor in the make-up of the plea, and yet it is what in law is generally a question of remote, in contradistinction to proximate contributory negligence.—*S. & N. Ala. Railroad Co. v. Williams*, 65 Ala. 74. The plea concludes: "By reason of all which said negligence of plaintiff, the said alleged injury was caused, and said negligence of plaintiff contributed to cause said injury; and but for said negligence of plaintiff, the alleged injury would not have occurred." In Beach on Contr. Neg. 7, § 3, it is said: "Contributory negligence, in its

[Montgomery & Eufaula Railway Co. v. Chambers & Abercrombie.]

legal signification, is such an act of omission on the part of a plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the act of defendant, is a proximate cause or occasion of the injury complained of."—*Thompson v. Duncan,* 76 Ala. 334. The demurrer to this plea ought to have been sustained.

The second and third charges given at the instance of Chambers & Abercrombie present substantially the same question, and we will consider them together. We do not doubt that, in many cases, if ordinary care be exercised, an honest mistake will be held to entail no liability on him who makes it. But charges must be interpreted in reference to the issue involved, and the testimony in the cause. In this case, the authority was to place the cars at some convenient point near the switch, so as to be accessible when it should become desirable to remove them, but not to place them so near that they would obstruct transit on the main track. All men know that a side-track approaches the main track by an acute angle, until they become one at the switch. All men know that cars are broader than the iron track of the road on which they run. Hence, all men know that the cars extend beyond the rail on either side. All men must know that to allow one train or car to pass another on parallel tracks, the interval between the tracks must be double the projection of the car beyond the rail, with a margin for contingencies. The commonest knowledge can not fail to comprehend each of these axiomatic and mathematical truths. The commonest prudence, in such service as was required here, will dictate that, if error be committed, it should be on the safe side, and would suggest the placing of a stationary car so far from the switch as to be beyond the point of possible danger. Mistakes, in such a service as the one we have in hand, constitute no answer for a claim for actual damages. As well might a trespasser claim exemption, when he goes by mistake across an unmarked line, and cuts timber from his neighbor's freehold.—See Cooley on Torts, 396; 2 Whar. Ev. § 1028; *City Nat. Bank v. Jeffries,* 73 Ala. 183; *Jackson v. Smith,* 75 Ala. 97. These charges should not have been given.

We discover no error in the other rulings.

Reversed and remanded.

Clopton, J., not sitting.