# Howland *v.* Wallace.

*Action Against Common Carrier for Failure to Deliver Goods.*

1. *Sufficiency of complaint.*—In an action against a common carrier, for the failure to deliver goods, it is sufficient to pursue the form of complaint given in the Code—p 703, No. 13.

2. *General issue; what is available under.*—The plea of the general issue is only a denial of the material averments of the complaint (Code, § 2988), and special matters of defense are not available under it.

3. *Infancy; how pleaded.*—The infancy of the plaintiff, suing in his own name, must be pleaded in abatement, and is not good matter in bar.

4. *Amendment by adding parties.*—When an infant improperly sues in his own name alone, and a plea in abatement is interposed on that account, the name of a next friend may be introduced by amendment.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action by the appellee, William H. Wallace, against the appellant, S. D. Howland, doing business under the name of the "Birmingham Transfer Company," for damages for failure to deliver a trunk and contents, alleged to have been received by appellant as a common carrier for delivery to the South & North Alabama Railroad Company at Birmingham, Alabama. The complaint was according to Form 13, Code of 1876, p. 703. The defendant demurred to the complaint, but upon what grounds does not appear. The court overruled the demurrer, and defendant excepted. The defendant, then, pleaded the "general issue." After the evidence and argument were closed, the defendant moved the court to dismiss the case, because the evidence developed the fact that plaintiff, at the time the suit was brought, was under twenty-one years of age. The court overruled the motion, and defendant excepted.

Besides the evidence that plaintiff was a minor at the time of bringing suit, there was evidence tending to establish the allegations of the complaint.

The defendant asked the following charges, in writing, which were separately refused by the court, and to the refusal of each of which defendant excepted :

"1. If the jury believe the evidence in this case, they must find for the defendant."

"2. If the jury believe, from the evidence, that at the

[Howland v. Wallace.]

time the suit was brought the plaintiff was under twenty-one years of age, they must find for the defendant."

R. H. PEARSON, for appellant.

HEWITT, WALKER & PORTER, *contra.*—The only question in this case is this, "Did the court err in refusing to dismiss plaintiff's action upon the ground that the evidence had disclosed the fact that plaintiff was an infant at the commencement of this suit? The court will observe that defendant had gone to trial upon the general issue ; the plea of the general issue is an admission of the ability of the plaintiff to sue. The defense of infancy could only be presented by a plea in abatement to the disability of the plaintiff.—See Chitty on Pleading, 1st Volume, p. 483. The objection that the plaintiff is an infant, not suing by *"porcheim amy,"* or guardian, can only be pleaded in abatement, and is not a proper ground of non-suit at the trial.—Dunlap's Practice, 1st Vol., 431. See, also, *Shemerhorn v. Jenkins,* 7 Johnson, 372. This case holds the same doctrine as Dunlap on Practice.—See *Drago v. Maso,* 40 American Decisions, 592.

STONE, C. J.—The complaint in this case is an exact copy of the form given in the Code for a suit against a common carrier, for non-delivery of goods, and is sufficient. The demurrer to it was properly overruled.—Form 13, Code of 1876, 703.

The case was tried on the single defense of the general issue. That plea put in issue the material allegations of the complaint, and it did no more. Any defense, special in its nature, or reaching beyond such mere denial, the statute requires to be specially pleaded.—Code of 1876, § 2988 ; *Petty v. Dill,* 53 Ala. 641 ; *Trammell v. Hulmon,* 56 Ala. 235 ; *Burns v. Campb ll,* 71 Ala. 271, 294.

Infancy of plaintiff is not a defense in bar of the action. It must be pleaded in abatement.—1 Chit. Pl. 464, and note; 2 *ib.* 14 and note, and 406. And under our liberal system of amendments, if this defense had been properly interposed, an amendment by introducing a next friend would have been allowable.

Affirmed.